### W. C. CLARK v. CITY OF GREENVILLE.

(Filed 6 May, 1942.)

**1. Evidence § 4—**

The courts may take judicial notice of when the United States Census figures are available.

**2. Taxation § 30—**

In ascertaining the State license tax on businesses in accordance with the graduated scale based upon the population of the municipalities in which the business is operated, for the tax year beginning 1 July, 1940, the Commissioner of Revenue properly used the 1930 United States Census figures, since the 1940 figures were not available at the beginning of that tax year. Sec. 112, Revenue Act of 1939.

**3. Municipal Corporations § 42—**

When the Commissioner of Revenue properly uses the 1930 United States Census figures in ascertaining the license tax of a business in accordance with the population of the municipality in which the business is operated, the municipality is limited to a license tax not in excess of that levied by the State, and when the city levies a tax in excess of that amount, based upon its erroneous contention that the population as shown by the 1940 Census should be used, the taxpayer may recover the excess.

APPEAL by defendant from *Dixon, Special Judge,* at October Term, 1941, of PITT.

Civil action to recover an alleged overcharge for coal dealer's license tax.

The case was heard on facts agreed; a jury trial was waived, and the matter at issue submitted to the court for determination and adjudication.

In summary, the operative facts follow:

1. The plaintiff is now, and was at the time in question, a retail coal dealer in the city of Greenville, N. C.

2. The State Department of Revenue, pursuant to section 112 of the Revenue Act of 1939, levied and collected the sum of $25.00 from retail coal dealers in the city of Greenville as Schedule B license taxes for the year beginning 1 July, 1940, and ending 30 June, 1941. This tax was paid by the plaintiff.

3. The population of the city of Greenville was determined under the Fifteenth Census of the United States (Government 1930 census) to be (5,000 and) less than 10,000 inhabitants. It is agreed that on 1 July, 1940, the population of the city of Greenville, "as then determined by the Sixteenth Census of the United States (1940 census), was 12,961 inhabitants."

4. The city of Greenville levied a license tax of $50.00 on retail coal dealers for the year beginning 1 July, 1940, and ending 30 June, 1941.

5. The plaintiff paid the city license tax, under protest, and brings this action to recover one-half of it, or $25.00, as an illegal overcharge.

From judgment in favor of plaintiff, the defendant appeals, assigning error.

*J. W. H. Roberts for plaintiff, appellee.*
*Harding & Lee for defendant, appellant.*

STACY, C. J. It is provided by section 112 of the Revenue Act of 1939, that every person, firm or corporation engaged in the retail coal or coke business shall apply for and procure from the Commissioner of Revenue a State license, and shall pay for such license for each city or town in which such coal or coke is sold or delivered, as follows:

3. "In cities or towns of 5,000 and less than 10,000 population, $25.00."

4. "In cities or towns of 10,000 and less than 25,000 population, $50.00."

It is further provided that no county shall levy any license tax on the business taxed under this section, but cities and towns are permitted to levy "a license tax not in excess of that levied by the State."

Section 933 of the same act provides that it shall be the duty of the Commissioner of Revenue to construe all sections of the Revenue Act imposing license, franchise or other taxes; that his decisions shall be *prima facie* correct, and a protection to the officers and taxpayers affected thereby; that where the license tax is graduated according to population,

the population shall be the number of inhabitants as determined by the last census of the United States Government, with proviso in respect of cities and towns thereafter extending their limits, not now material.

While it appears from the agreed statement of facts that on 1 July, 1940, the population of the city of Greenville, "as then determined by the Sixteenth Census of the United States (1940 census), was 12,961," the fact is that the Sixteenth Census of the United States was not then available for the State—a fact of which we may take judicial notice, 20 Am. Jur., 112 and 113—and the Commissioner of Revenue in using the Fifteenth Census, the last available census, to ascertain the State tax was acting in accordance with the provisions of the statute. *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593. The amount of the State tax, as thus determined, was $25.00. This, then, limited the municipality to a license tax not in excess of that levied by the State. Hence, the correct result seems to have been reached.

Affirmed.