STATE v. CHARLIE CARROLL.

(Filed 10 April, 1946.)

**1. Automobiles § 29—**

Before the State is entitled to a conviction under G. S., 20-138, it must show beyond a reasonable doubt that the defendant was driving a motor vehicle on a public highway of this State while under the influence of intoxicating liquor or narcotic drugs.

**2. Same—**

A person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of G. S., 20-138, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs, to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties.

**3. Same—**

An instruction that a person is under the influence of intoxicating liquor when "he has drunk a sufficient quantity of alcoholic liquor or beverage to affect, however slightly, his mind and his muscles, his mental and his physical faculties" *is held* for error.

**4. Criminal Law § 79—**

Assignments of error not brought forward in appellant's brief are deemed abandoned. Rule 28.

APPEAL by defendant from *Gwyn, J.,* at November Term, 1945, of CALDWELL.

Criminal prosecution tried upon two warrants, one charging reckless driving and the other with operating a motor vehicle while under the influence of liquor or narcotic drugs, in violation of G. S., 20-138. The jury returned a verdict of not guilty as to the charge of reckless driving and a verdict of guilty as to the charge of operating a motor vehicle while under the influence of liquor. From the judgment pronounced upon the verdict, the defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*W. H. Strickland for defendant.*

DENNY, J. The appellant assigns as error the following portion of his Honor's charge: "Where a person has drunk a sufficient quantity of alcoholic liquor or beverage to affect, however slightly, his mind and his muscles, his mental and his physical faculties, then he is under the influence of intoxicating liquor or beverage."

The prosecution is relying upon *S. v. Dills,* 204 N. C., 33, 167 S. E., 459; *Wilson v. Casualty Co.,* 210 N. C., 585, 188 S. E., 102; and *S. v. Harris,* 213 N. C., 648, 197 S. E., 142, to sustain this charge. It is contended that the instruction given was approved by this Court in the case of *Wilson v. Casualty Co., supra.* In that case the plaintiff, as beneficiary in an accident insurance policy, brought an action against the insurance company on the policy issued by it on the life of her husband, to recover for his accidental death. The defendant denied liability on the ground that the insured was intoxicated at the time of the injury and pleaded as a defense, a provision in the policy which contained the following language: "The insurance under this policy does not cover any loss, fatal or otherwise, sustained: while intoxicated or under the influence of or affected by, or resulting directly or indirectly from intoxicants or narcotics, . . ." On a proper issue presenting this defense, the trial judge instructed the jury as follows: "The court instructs you that, under the law, 'intoxicated' is synonymous, or practically so, with the word 'drunk'—that they mean practically, in ordinary usage, the same thing—an intoxicated person is a drunken person—a drunken man is an intoxicated man. And that means, intoxicated means, in law, that the subject must have drunk of alcoholics to such an extent as to appreciably affect and impair his mental or bodily faculties, or both. Now, the court instructs you further, that to be under the influence or affected by liquor means, that the subject must have drunk a sufficient quantity to influence or affect, however slightly, his body and his mind, his mental and physical faculties. Not that they must be appreciably impaired, not that his emotions or passions must be stimulated or excited, or aroused, and the judgment impaired, but it does mean that to be under the influence or affected by it, must to some extent, at least, affect him. He must to some extent, at least, feel it to be affected by it. If the defendant has satisfied you from the evidence, and by its greater weight, that the deceased, R. C. Wilson, was intoxicated or under the influence of, or affected by, intoxicants at the time of the fatal injury, as alleged in the answer, it will be your duty to answer that issue 'Yes.'"

Notwithstanding the above instruction, which we think was most favorable for the defendant, the jury found that the insured was not intoxicated or under the influence of or affected by intoxicants at the time of his fatal injury. The plaintiff recovered judgment for the face amount of the policy. The defendant appealed and assigned as error that portion of the charge quoted above. In passing on the exception the Court said: "We see no error in the charge, taking same as a whole, defining the condition a party must be in to avoid the policy. . . . Under the terms of the policy, the charge is favorable to the defendant."

In the instant case, we are not dealing with a contract. Nor can the instruction be construed as favorable to the appellant. We are called upon to determine whether the instruction given is proper in a criminal proceeding, where a defendant is being tried upon a warrant charging him with operating a motor vehicle while under the influence of intoxicating liquor or narcotics. The answer must be in the negative.

The meaning of the phrase "Under the influence of liquor" is defined in Black's Law Dictionary (3rd Ed.), p. 1775, as follows: "In statutes or ordinances relating to the operation of motor vehicles, it has been construed as equivalent to the words, 'in an intoxicated condition,' State v. Dudley, 159 La., 872, 106 So., 364, 365, and to the words, 'in a drunken or partly drunken condition,' Daniels v. State, 155 Tenn., 549, 296 S. W., 20, 23, but not as synonymous with the words, 'while intoxicated,' Cannon v. State, 91 Fla., 214, 107 So., 360, 362. The expression is said to cover not only all the well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors and which tends to deprive the driver of that clearness of intellect and control of himself which he would otherwise possess. Latimer v. Wilson, 103 N. J. Law, 159, 134 A., 750, 751. It is applicable to the condition created where intoxicating liquor has so far affected the nervous system, brain, or muscles of the driver as to impair to an appreciable degree his ability to operate an automobile in a manner that an ordinarily prudent and cautious man in the full possession of his faculties, using reasonable care, would drive a similar vehicle under like conditions. People v. Dingle, 56 Cal. App., 445, 205 P., 705, 706; People v. McKee, 80 Cal. App., 200, 251 P., 675, 677."

It will be noted that in the case of Wilson v. Casualty Co., supra, the Court made a distinction between a person who is drunk and one under the influence of or affected by liquor. We are of the opinion the Legislature did not intend that any such distinction should be made in the interpretation and enforcement of the statute under consideration. When a person drinks a sufficient quantity of liquor or other intoxicating beverage to cause him to lose the normal control of his bodily and mental

faculties to such an extent that such loss of the normal control of these faculties is appreciable, then such person is under the influence of liquor within the meaning of the statute. And until there is some appreciable impairment of the mental or physical faculties, or both, the person is neither drunk nor under the influence of liquor within the meaning of the statute.

In *S. v. Dills, supra,* the defendant excepted to evidence to the effect that a short time before the accident the defendant was in the car, lying on the steering wheel, drunk. The Court said: "The word 'drunk' is defined as, 'Under the influence of intoxicating liquor or drugs to such an extent as to have lost the normal control of one's bodily and mental faculties,' New Standard Dictionary, and as, 'Under the influence of an intoxicant, especially an alcoholic liquor, so that the use of the faculties is materially impaired.' Webster's New International Dictionary. The definition is accepted and generally understood, and the word as used by the witness imports the statement of a fact based upon observation. In no other way could the witness more definitely have stated his conception."

In *S. v. Harris, supra,* this Court, in a *per curiam* opinion, approved the following portion of the court's charge: "If a man is under the influence of intoxicating liquor he has got enough to make him think or act or do differently from what he would think or act if he did not have it, whether it is a spoonful or a quart, whether it is a bottle of beer or a quart of liquor."

In the above instruction, the court was not defining the word "drunk," or the expression "under the influence of intoxicating liquor," but stated as a fact that "If a man is under the influence of liquor he has enough to make him think or act or do differently from what he would . . . if he did not have it." The remaining part of the charge to which the defendant objected, was to impress upon the jury the fact that it is immaterial how much or how little intoxicating liquor may be required to cause one to be under its influence. A very small quantity of intoxicating liquor might substantially affect the mental and physical faculties of one person, while such an amount might not appreciably affect some other person. The gravamen of the offense charged there, as in the case now before us, was driving a motor vehicle on a public highway, while under the influence of an intoxicant. We realize the necessity for strict enforcement of the statutes enacted for the protection and safety of the public in the use of our highways, but, before the State is entitled to a conviction under G. S., 20-138, under which the defendant has been indicted, it must be shown beyond a reasonable doubt that the defendant was driving a motor vehicle on a public highway of this State, while under the influence of intoxicating liquor or narcotic drugs. And a

person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of the statute, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs, to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties.

Assignments of error based on exceptions numbered one, three, six and eight, are not brought forward in the defendant's brief, as required by Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562, and are considered as abandoned. The remaining assignments of error are without merit. But, for the reason herein stated, there must be a

New trial.