STATE v. H. M. BOWEN.

(Filed 16 October, 1946.)

**1. Criminal Law § 40a—**

Where a defendant lives within six or seven miles of a town and frequently visits the municipality, a witness may properly testify as to his general reputation "around in" the town community, the phrase being sufficient to include the surrounding rural region.

**2. Criminal Law § 27—**

The court will take judicial notice of the size and location of a municipality of the State.

**3. Automobiles § 30d—**

In a prosecution for operating a motor vehicle while under the influence of intoxicants a charge that the burden is on the State to prove beyond reasonable doubt that defendant while operating the vehicle was under the influence of a sufficient quantity of intoxicants to make him lose the normal control of his mental and physical faculties and cause those faculties to be "materially" impaired, *is held* not to constitute reversible error, although the use of "appreciably" impaired is preferable.

APPEAL by defendant from *Carr, J.,* at April Term, 1946, of PITT.

Criminal prosecution instituted in recorder's court of Pitt County upon a warrant charging that defendant "did unlawfully and willfully operate a motor vehicle on the public highway of North Carolina while under the influence of alcoholic beverages or narcotic drugs, etc.," heard in Superior Court of Pitt County upon appeal thereto from judgment of recorder's court on verdict of guilty.

Verdict in Superior Court: Guilty.

Judgment: Pronounced.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Sam O. Worthington for defendant, appellant.*

WINBORNE, J.   Appellant stresses for error in the main two assignments:

The first arising in this manner: A witness for the State was asked the question: "Do you know the general reputation of Bowen around in the Farmville community?" to which he replied, "Yes, sir."   Whereupon, to question interposed by counsel for defendant, the witness replied that defendant does not live in Farmville.   But upon further questioning by the solicitor and by the court, the witness testified that defendant goes to Farmville quite often; that he lives about six or seven miles from there;

and that he comes there about two or three times a week, "I guess."
Upon this the court ruled that that is a part of the community. And to
the further question by the solicitor as to what is defendant's character
and reputation, the witness replied: "Well, with the exception of Mr.
Bowen drinking some, his character is good, but he does have the reputa-
tion of drinking." Defendant excepts to denial of his motion to strike
the answer.

In this State the testimony of "a character witness is confined to the
general reputation of the person whose character is attacked, or sup-
ported, in the community in which he lives—depending upon what the
witness has heard or learned as to the general opinion of his standing
in the community." *S. v. Steen,* 185 N. C., 768, 117 S. E., 793, and
cases cited. In the light of this rule of evidence, defendant contends
that the proper foundation was not laid to qualify the witness to testify
as to his character, since he, the defendant, did not live in Farmville,
and the professed knowledge of the witness related to the character of
defendant "around in the Farmville community." However, no excep-
tion is taken to the ruling of the court that the Farmville community
included the place where defendant lives. But, if there had been, we
think the word "around in the community" is comprehensive enough to
include the neighboring rural region in which defendant lives. The
Court will take judicial notice of size and location of the town of Farm-
ville. See *Clark v. City of Greenville,* 221 N. C., 255, 20 S. E. (2d), 56;
*Mallard v. Housing Authority,* 221 N. C., 334, 20 S. E. (2d), 281.

Hence, there is no error in refusing to strike the answer of the wit-
ness.

The second relates to this portion of the charge of the court:

"It is not necessary for the State to satisfy the jury beyond a reason-
able doubt that the defendant was drunk, but it is necessary that the jury
be satisfied beyond a reasonable doubt, the burden being upon the State
to so satisfy them, that while the defendant was driving a motor vehicle
on the public highway he had in his system a sufficient quantity of some
kind of intoxicant to make him lose the normal control of his mental
and physical faculties and cause those faculties to be materially im-
paired,"

While the language of this portion of the charge is not identical with
that in the opinion by *Denny, J.,* in *S. v. Carroll, ante,* 237, 37 S. E.
(2d), 688, it is substantially the same. The chief difference is that here
the court used the clause "to be materially impaired," whereas in the
*Carroll case, supra,* the words were "appreciable impairment." Web-
ster says "appreciable" means "large or material enough to be recognized
or estimated; perceptible; as an appreciable quantity"; and that "mate-
rially" means "in an important regard or degree; substantially." While
the language of the rule in the *Carroll case, supra,* is preferred, we fail

to see in that used in the present case sufficient difference in meaning for the rule given in the *Carroll case, supra,* to have been misunderstood by the jury. Hence, the assignment may not be sustained.

Other assignments have been given due consideration, and are found to be without merit.

In the judgment below, we find

No error.