STATE v. C. W. KIRKMAN.

(Filed 12 December, 1951.)

**1. Automobiles § 30d—**

Evidence in this prosecution for drunken driving *held* sufficient to overrule nonsuit.

**2. Criminal Law § 81c (3)—**

Exception to the admission of evidence cannot justify a new trial in the absence of prejudice.

**3. Criminal Law § 50g—**

The preservation of order and the prevention of unfair tactics and behavior on the part of witnesses is within the sound discretion of the presiding judge, and sounds or coughing made by a deputy sheriff during the testimony of another witness *held* not prejudicial upon the facts of this case.

**4. Criminal Law § 53f—**

The court's reference to the place where defendant was arrested as a "hang-out" in stating the State's contentions *held* not prejudicial in view of defendant's admission on cross-examination of previous convictions constituting a lengthy catalogue of criminal offenses.

APPEAL by defendant from *Sharp, Special Judge,* at April Term, 1951, of GUILFORD. No error.

The defendant was charged with operating a motor vehicle on the highway while under the influence of intoxicating liquor. G.S. 14-387. There was verdict of guilty as charged, and from judgment imposing sentence the defendant appealed.

STATE *v.* KIRKMAN.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert B. Broughton, Member of Staff, for the State.*
*James W. Clontz and Silas B. Casey for defendant, appellant.*

DEVIN, C. J. The evidence was sufficient to carry the case to the jury and to support the verdict and judgment thereon. *S. v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688.

The defendant assigns error in the ruling of the court in admission of the testimony of the State's witness, in the narration of the attendant circumstances, that a second officer was called to assist in the arrest, but this would seem to corroborate the witness' testimony that the defendant was under the influence of intoxicating liquor, and in any event was not harmful. Also we think the exception to the evidence of the officer that in making the arrest he took from the defendant his pocket knife is untenable. Clearly, the officer after making the arrest was justified in relieving his prisoner of an article which might be used as a weapon. Exception on this score on the facts here disclosed cannot be sustained.

The defendant assigns as error that while the defendant was testifying, the State's witness Deputy Sheriff Wheeless "made a slight noise." Counsel for defendant objected that the State's witness was "blowing like an adder." The record recites that thereupon "the court having heard no comment or sound from Mr. Wheeless, looked in his direction, and observing him in a fit of coughing, said, 'I don't believe the sheriff meant any intentional comment on the witness.'"

We see nothing in the incident as shown by the record before us that would justify awarding a new trial. The conduct of a trial in the Superior Court, the preservation of order and the prevention of unfair tactics and behaviour on the part of witnesses and others must be left in large measure to the control and wise discretion of the presiding judge. Apparently the noise complained of here was not of sufficient moment to warrant action by the judge. *S. v. Vann*, 162 N.C. 534, 77 S.E. 295, 53 A.J. 55; 131 A.L.R. 323.

The defendant also noted exception to portions of the judge's charge to the jury in stating the contentions of the State on the evidence offered, but we see nothing in the matter or manner excepted to which may properly be regarded as prejudicial. Nor may the defendant justly complain that the court in stating the State's contentions referred to the place where the defendant was arrested as a "hang-out," in view of the defendant's admission, on cross-examination, of previous convictions constituting a lengthy catalogue of criminal offenses.

In the trial we find no error of which the defendant may justly complain.

No error.