## STATE v. FRED LEE.

(Filed 25 February, 1953.)

**1. Automobiles § 30d—**

In a prosecution for driving an automobile on the highways of the State while under the influence of intoxicants, an instruction that a person is under the influence of intoxicants when he has drunk a sufficient quantity thereof to "perceptibly" impair his bodily or mental faculties will not be held for prejudicial error.

**2. Criminal Law § 53b—**

Where the court correctly charges on the presumption of innocence and correctly places the burden on the State to prove defendant's guilt to a moral certainty or beyond a reasonable doubt, the charge is sufficient on the question of the burden of proof in the absence of request for special instructions, and will not be held for error in failing to charge the jury that reasonable doubt might arise either on the evidence or from the insufficiency of the evidence in the case.

APPEAL by defendant from *Grady, Emergency Judge,* at September Term, 1952, of BEAUFORT.

Criminal prosecution upon a warrant issued out of Recorder's Court for Washington, Long Acre, Chocowinity and part of Bath Township, charging defendant with (1) operating a motor vehicle upon the public streets of Washington, N. C., while under the influence of some form of alcohol or some form of narcotic drug, and (2) carrying a deadly weapon, to wit, a pistol, tried in Superior Court, on appeal thereto from judgment of said Recorder's Court, on the charge first above stated.

Upon the trial in Superior Court the State offered evidence tending to support the charge so first above stated. On the other hand, defendant, as witness for himself, denied that he had had anything to drink at the time charged, and offered testimony of other witnesses tending to show that he was not intoxicated.

Verdict: Guilty.

Judgment: Confinement in jail to work the roads for a period of eighteen months.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*LeRoy Scott and Albion Dunn for defendant, appellant.*

WINBORNE, J.　Four assignments of error: (1) Two predicated upon exceptions to portions of the charge as given by the court to the jury, and (2) two upon exceptions to alleged failure of the court to properly charge the jury, are presented upon this appeal.　However, error is not made to appear.

In connection with the first two assignments of error it is appropriate to direct attention to the case *S. v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688, where defendant was charged with operating a motor vehicle while under the influence of narcotic drugs in violation of G.S. 20-138, and where, in opinion by *Denny, J.,* this Court, discussing the subject of "Under the influence of liquor," laid down this simple rule: "Before the State is entitled to a conviction under G.S. 20-138, under which the defendant has been indicted, it must be shown beyond a reasonable doubt that the defendant was driving a motor vehicle on a public highway of this State, while under the influence of intoxicating liquor or narcotic drugs.　And a person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of the statute, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties."

And in the case of *S. v. Bowen,* 226 N.C. 601, 39 S.E. 2d 740, involving a like charge, a portion of the charge was under scrutiny.　There the Court pointed out that the chief difference in the charge given and the rule stated in *S. v. Carroll, supra,* was that in the former the court used the clause "to be materially impaired," whereas in the *Carroll case* the words were "appreciable impairment."　Then attention was called to the fact that the word "appreciable" as defined by Webster means "large or material enough to be recognized or estimated; perceptible; as an appreciable quantity," and that the word "materially" means "in an important regard or degree; substantially."　Then this Court said that while the language of the rule in the *Carroll case* is preferred, yet the Court fails to see in that used in the instant case sufficient difference in meaning for the rule given in the *Carroll case* to have been misunderstood by the jury.

Now, in the case in hand, appellant contends that the use of the word "perceptibly" instead of the word "appreciably" without explanation of what it means, is prejudicial error. As stated in *S. v. Bowen, supra,* "appreciable" means "perceptible." And Webster says "perceptible" means "able to perceive; perceptive; capable of being perceived; cognizable; discernible; perceivable." Again, this Court says that while the language of the rule in the *Carroll case, supra,* is preferred, we fail to see in the word "perceptible" sufficient difference in meaning and common understanding for the rule given in the *Carroll case, supra,* to have been misunderstood by the jury.

And, in passing on, it is worthy of note and emphasis that the *Bowen case,* and the present one, were brought up on appeals mainly upon exceptions to language paraphrasing the rule of law laid down in *S. v. Carroll, supra.* And it is not plagiarism to use the exact language of a rule of law.

The third and fourth assignments of error relate to failure of the trial court, in charging the jury, to define "reasonable doubt," and "to charge the jury that it could find reasonable doubt, either from the evidence itself, or from the insufficiency of the evidence in the case."

Recurring to the record, it appears that, at the outset, the trial judge charged the jury as follows: "The defendant, Fred Lee, has entered a plea of not guilty. Under the law he is presumed to be innocent, and that presumption continues with and protects him throughout the trial and would entitle him to a verdict of not guilty, unless and until the State has offered evidence which satisfies you beyond a reasonable doubt of his guilt, and the burden rests upon the State to satisfy you before you can return an adverse verdict against the defendant. The question then arises, has the State offered such evidence? Does the evidence offered satisfy you to a moral certainty, or as we sometimes say, beyond a reasonable doubt that the defendant is guilty of the charge in the warrant? If it has so satisfied you it would be your duty to return a verdict of guilty. If it has not so satisfied you, then it would be your duty to acquit the defendant." And in closing the trial court repeated in substance the same instruction to the jury. These instructions seem clear and understandable, and, in the absence of request for more specific instruction in the respects indicated by these assignments of error, the instruction given appears sufficient. *S. v. Whitson,* 111 N.C. 695, 16 S.E. 332; *S. v. Lane,* 166 N.C. 333, 81 S.E. 620; *S. v. Johnson,* 193 N.C. 701, 138 S.E. 19; *S. v. Ammons,* 204 N.C. 753, 169 S.E. 631.

In the *Lane case, supra,* the Court declared: "There is no particular formula prescribed by the law for defining or stating what is meant by reasonable doubt."

The case appears to have been fairly presented to the jury; hence defendant must abide the judgment on verdict rendered.

No error.