## STATE v. DALTON TAYLOR.

(Filed 7 April, 1954.)

**1. Criminal Law § 81c: Appeal and Error § 24—**

As a general rule only assignments of errors supported by exceptions duly and timely noted will be considered on appeal.

**2. Criminal Law § 81c (2): Appeal and Error § 39f—**

Exceptions to the charge cannot be sustained when the charge construed contextually is without prejudicial error.

APPEAL by defendant from *Grady, Emergency Judge,* September Term, 1953, of LENOIR.

This defendant was tried and convicted in the Municipal-County Court of Kinston and Lenoir County upon a warrant charging him with driving a motor vehicle upon the public roads while under the influence of intoxicating liquors, opiates, or narcotic drugs. From the judgment imposed he appealed to the Superior Court where he was tried *de novo* on the original warrant, and again convicted. He now appeals from the judgment entered in the Superior Court, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*LaRoque, Allen & Parrott for defendant appellant.*

PER CURIAM. The defendant assigns as error certain portions of the charge. However, no exceptions were taken to such portions of the charge upon which an assignment of error may rest.

It is the general rule that assignments of error not supported by exceptions duly and timely noted, will not be considered upon appeal. *S. v. Oliver,* 213 N.C. 386, 196 S.E. 325; *In re Will of Beard,* 202 N.C. 661, 163 S.E. 748; *Dixon v. Osborne,* 201 N.C. 489, 160 S.E. 579. For exceptions to this rule see *S. v. Dockery,* 238 N.C. 222, 77 S.E. 2d 664, and *S. v. Parnell,* 214 N.C. 467, 199 S.E. 601.

The instant case, however, does not fall within an exception to the general rule. Even so, the charge, when considered contextually, as it must be, was in substantial compliance with our decisions in *S. v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688; *S. v. Bowen,* 226 N.C. 601, 39 S.E. 2d 740, and *S. v. Lee,* 237 N.C. 263, 74 S.E. 2d 654.

No error.