### STATE v. ELOISE CRUMLIN.

(Filed 31 October, 1956.)

**Appeal and Error § 19: Criminal Law § 78c—**

> Where no exceptions to the charge are taken and set out in the record, exceptions appearing only in connection with the assignments of error are insufficient and will not be considered.

JOHNSON, J., not sitting.

APPEAL by defendant from *Armstrong, J.,* July Term, 1956, of FORSYTH.

This is a criminal prosecution tried upon a bill of indictment charging the defendant with the murder of Johnnie Mae Thompson. The solicitor announced in open court that the State would not ask for a verdict

of murder in the first degree, but would ask for a verdict of murder in the second degree, or manslaughter, as the evidence might warrant.

The jury returned a verdict of guilty of manslaughter. From the judgment imposed, the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Buford T. Henderson for defendant.*

PER CURIAM. The evidence adduced in the trial below is sufficient to support the verdict, and the assignments of error point out no error that would justify a new trial. Moreover, the exceptions to the charge appear only in connection with the assignments of error; no exceptions were taken and set out in the record to the portions of the charge of which the defendant complains. Therefore, the assignments of error relating to the charge have no exceptions upon which such assignments may rest. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *S. v. Taylor,* 240 N.C. 117, 80 S.E. 2d 917.

No error.

JOHNSON, J., not sitting.