### STATE v. WILLIAM PLEASANT ELLIS.

(Filed 8 April, 1964.)

**Automobiles § 74—**

> Where, in a prosecution for operating an automobile upon a public high-
> way while under the influence of intoxicating liquor, the court correctly
> defines "under the influence," the fact that the court also charges that it
> was immaterial whether the liquor or beverage consumed was beer, wine,
> whiskey, or whether it was a spoonful or a quart, etc., *held* not prejudicial
> error. G.S. 20-138.

APPEAL by defendant from *Johnston, J.,* 4 September 1963 Criminal
Session of FORSYTH.

This is a criminal action in which the defendant was tried in the
Municipal Court of the City of Winston-Salem, North Carolina, upon
a warrant charging that he did unlawfully and wilfully drive a motor
vehicle upon the public highways of North Carolina while "under the
influence of intoxicating liquors." From a verdict of guilty and the
judgment imposed thereon, the defendant appealed to the Superior
Court of Forsyth County where he was tried *de novo* upon the same
warrant.

The jury returned a verdict of guilty. A prison term was imposed but
suspended for a period of two years upon the conditions set out in the
judgment.

The defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-
Galliard for the State.*

*Deal, Hutchins & Minor for the defendant.*

PER CURIAM. The defendant does not contend that the State's evi-
dence was insufficient to carry the case to the jury. The only assign-
ments of error are to certain portions of the charge.

The court charged the jury three times as to what constitutes be-
ing under the influence of an intoxicating liquor or beverage within

STATE v. ELLIS.

the meaning of G.S. 20-138 in substantially the following language: "The court has heretofore instructed you and again instructs you that a person is under the influence of an intoxicating liquor or beverage when that person has drunk or consumed a sufficient quantity of some intoxicating liquor or beverage, be it beer, wine or whiskey, be it a spoonful or a quart, be it a bottle of beer or a quart of liquor, to cause him to lose the normal control of either his mental or bodily faculties or both of these faculties to such an extent that there is a noticeable and appreciable impairment of either one or both of these faculties."

The defendant assigns as error the inclusion of the words, "be it beer, wine or whiskey, be it a spoonful or a quart, be it a bottle of beer or a quart of liquor," in the charge which is in other respects substantially in accord with the rule laid down in the case of S. v. Carroll, 226 N.C. 237, 37 S.E. 2d 688, where the defendant had been charged, tried and convicted of a violation of G.S. 20-138.

The correct test within the meaning of the statute is not whether the party charged with the violation thereof had drunk or consumed a spoonful or a quart of intoxicating beverage, but whether a person is under the influence of an intoxicating liquor or narcotic drug by reason of his having drunk a sufficient quantity of an intoxicating beverage or taken a sufficient amount of narcotic drugs, to cause him to lose normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties.

It is common knowledge that a very small amount of an intoxicating liquor might substantially affect the mental and physical faculties of one person, while such an amount might not appreciably affect some other person.

The gravamen of the offense charged here, as in the Carroll case, was driving a motor vehicle upon a public highway while under the influence of an intoxicant.

The rule laid down and approved in the Carroll case has been cited with approval by this Court some twenty or more times, and we think the instruction approved in that case is a clear, simple and adequate guide for a jury to determine whether or not a defendant was at the time involved under the influence of an intoxicating liquor or a narcotic drug within the meaning of the statute, and any substantial deviation therefrom is not approved.

However, since in the trial below the court each time it gave the instruction complained of included the instruction approved in the Carroll case, we do not think the instruction with respect to the consumption "of a spoonful or a quart" of intoxicating liquor or bev-

erage was sufficiently prejudicial to justify a new trial in light of the evidence in this case.

In the trial below, we find

No error.