STATE OF NORTH CAROLINA v. ROGER FRANKLIN FELTS

No. 6921SC309

(Filed 23 July 1969)

**Automobiles § 129— driving under influence of intoxicants — instructions**

In this prosecution for operating a motor vehicle upon the public highways while under the influence of intoxicating liquors, the trial court erred in giving the jury instructions which are subject to the interpretation that a person would be guilty of a violation of G.S. 20-138 if he had partaken of an intoxicant to an "appreciable extent," rather than "to such an extent that there is an appreciable impairment of either bodily or mental faculties."

APPEAL by defendant from *Armstrong, J.,* 3 February 1969 Criminal Session, FORSYTH County Superior Court.

The defendant was charged under a warrant with, on 2 April 1968, unlawfully and willfully operating a motor vehicle upon the public highways of North Carolina while under the influence of intoxicating liquors.

The defendant entered a plea of not guilty, and from a conviction and judgment in the Municipal Court of the City of Winston-Salem appealed to the Superior Court of Forsyth County where he had a trial *de novo.* The defendant again entered a plea of not guilty. The jury found him guilty, and from a judgment entered in the Superior Court the defendant appealed to this court.

*Attorney General Robert Morgan by Real Property Attorney Rafford E. Jones for the State.*

*White, Crumpler and Pfefferkorn by Fred G. Crumpler, Jr., and William G. Pfefferkorn for defendant appellant.*

CAMPBELL, J.

The defendant made numerous assignments of error, but since there must be a new trial, we will refrain from a discussion of the evidence and the numerous assignments of error as they are unlikely to arise on a new trial.

In the charge to the jury, the learned trial judge gave the following instruction:

"Well, I instruct you, first, that this statute provides that one may not operate a motor vehicle while under the influence of some intoxicant. It is not necessary for one to be drunk and operate a motor vehicle on a public highway to violate this statute, although one would be guilty if he were drunk and operated a motor vehicle on a public highway, but it says, if you paid attention to the statute, only under the influence. So, then, I instruct you that one is under the influence of an intoxicant when he has consumed some quantity of an intoxicating beverage, whether it be a small amount or a large amount, one drink or several drinks, or one bottle of beer or one can of beer, or more than one, so as to cause him to lose the normal control of his bodily faculties or his mental faculties, or both of those faculties, to such an extent that there is an appreciable impairment of either one of those faculties, that is, bodily or mental faculties.

(So, there isn't anything complicated about what is meant by being under the influence of an intoxicant as defined by our Courts. There is only one term, or two words, in that definition which might need to be explained to you, and that is the words, or the term, appreciable extent. That simply means has a person had enough intoxicants so that if some person observes him — has the opportunity to see him, talk with him and observe him — has he had enough intoxicants so that it may be recognized that he has had something intoxicating to drink, and that he has had enough so that that person may estimate and come into court and, under oath, testify about it is what is meant by appreciable extent; that is, sufficient to be recognized and estimated. So, then, to summarize, I guess I should say that if one operates a motor vehicle on a public highway or public street

while he is under the influence of some intoxicating beverage, as I have defined under the influence to be, then he violates this statute.)"

The first paragraph quoted above is a correct statement of the law involved in a case of this kind which has been approved in numerous decisions of the Supreme Court of North Carolina. *State v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688.

The second paragraph quoted above from the charge of the court is what the defendant assigns as error. It will be noted that in the second paragraph, the court emphasized the words "appreciable extent" rather than the words "appreciable impairment". This second paragraph lends itself to the interpretation that a person would be guilty of a violation of the statute involved if such person had partaken of an intoxicant to an "appreciable extent", rather than "to such an extent that there is an appreciable impairment of either bodily or mental faculties." The second paragraph quoted above from the charge of the court is not the law.

"'It is well settled that where there are conflicting instructions with respect to a material matter, a new trial must be granted, as the jury are not supposed to know which of the two states the law correctly, and we cannot say they did not follow the erroneous instruction. . . .'" *State v. Bryant,* 245 N.C. 645, 97 S.E. 2d 264.

Defendant, for the prejudicial error in the charge, is entitled to a New trial.

BROCK and MORRIS, JJ., concur.