STATE OF NORTH CAROLINA v. JACK BLEDSOE
No. 6922SC431

(Filed 17 September 1969)

Automobiles § 129—   driving under the influence — instructions — definition of "under the influence" — use of word "qualities"

   In this prosecution for driving a motor vehicle upon the public highways while under the influence of intoxicating liquor, defendant was not prejudiced by an instruction which defined a person as being under the influence of intoxicating liquor when he has consumed a sufficient quantity of some alcoholic beverage to cause him to lose the normal control of his bodily or mental "qualities," either or both, to such an extent that there is an appreciable impairment of his bodily or mental faculties, or both, although the use of the word "faculties" rather than "qualities" is preferred.

APPEAL by defendant from *McConnell, J.,* 21 April 1969 Session of DAVIE Superior Court.

Defendant was tried on his plea of not guilty to a bill of indictment charging him with the crime of driving a motor vehicle upon the public highways of North Carolina while under the influence of intoxicating liquor. The jury found defendant guilty, and from judgment imposed thereon, defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen, for the State.*

*Peter W. Hairston for defendant appellant.*

PARKER, J.

Appellant's sole assignment of error is that the trial court in its charge to the jury defined a person as being under the influence of intoxicating liquor "when he has consumed a sufficient quantity of some alcoholic beverage to cause him to lose the normal control of his bodily or mental *qualities,* either or both, to such an extent that there is an appreciable impairment of his bodily or mental faculties, either or both." (Emphasis added.) Appellant contends that the judge's use of the word "qualities" instead of the word "faculties" in the above quoted portion of the charge misled the jury to his prejudice and thereby entitled him to a new trial. We do not agree.

Denny, J. (later C.J.), speaking for the Court in the frequently cited case of *State v. Carroll,* 226 N.C. 237, 241, 37 S.E. 2d 688, 691, gave the approved definition as follows:

> "And a person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of the statute, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs, to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties."

While our Supreme Court has stated that the definition contained in the *Carroll* case is preferred and any substantial deviation therefrom is not approved, *State v. Ellis,* 261 N.C. 606, 135 S.E. 2d 584, certain minor variations from the approved language have been held not sufficiently prejudicial to require a new trial. *State v. Ellis, supra* (use of the words "a sufficient quantity of some intoxicating liquor or beverage, be it beer, wine or whiskey, be it a spoonful or a quart," *held* not sufficiently prejudicial to justify a new trial in light of evidence in the case); *State v. Lee,* 237 N.C. 263, 74 S.E. 2d 654 (use of the word "perceptibly" instead of the word "appreciably" *held* not sufficiently different in meaning and common understanding for the rule given in the *Carroll* case to have been misunderstood by the jury); *State v. Bowen,* 226 N.C. 601, 39 S.E. 2d 740 (use of the words "materially impaired" instead of the words "appreciable impairment" *held* not prejudicial error).

In the present case we do not think that the inadvertent use by the trial judge of the word "qualities" in place of the word "facul-

ties" at one point in the charge could have in any way misled the jury to defendant's prejudice. In the first place it should be noted that in the very same sentence the court required the jury to find an appreciable impairment of defendant's "bodily or mental *faculties*, either or both," which are the very words approved in the *Carroll* case. Furthermore, some authorities have equated the word "quality" with the word "faculty" when these words are used in the sense here employed. In Rodale, "The Synonym Finder" (printing of March 1967), the word "faculty" is defined as:

> "Ability for a particular kind of action, inherent physical capability, capacity, power, endowment, attribute, qualification, property, virtue, *quality*, . . . . . . ." (Emphasis added.)

The same authority defines the word "quality" as:

> "Characteristic, attribute, property, trait, feature, character, . . . *faculty*, . . ." (Emphasis added.)

While, as our Supreme Court has admonished, adherence to the language approved in the *Carroll* case is to be preferred, the trial of cases in court has not been narrowed to the incantation of magic phrases, any variation from which will automatically require a new trial. In the light of the evidence in the present case we cannot conceive that the defendant could have been in anywise prejudiced by the slight deviation in the language employed by the trial judge or that the jury could have been misled thereby from applying correctly the rule laid down in the *Carroll* case.

No error.

