STATE OF NORTH CAROLINA v. GENE ELWOOD KING

No. 7110SC651

(Filed 20 October 1971)

Automobiles § 129— drunken driving offense — instructions on "under the influence"

In a drunken driving prosecution, trial court's instruction on "under the influence" complied substantially with the test laid down in *State v. Carroll*, 226 N.C. 237, and was without error.

APPEAL by defendant from *Braswell, Judge,* at the 2nd May 1971 Criminal Session, WAKE Superior Court.

Defendant was charged in one warrant with speeding 100 m.p.h. in a 60 m.p.h. zone and in a second warrant with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor or narcotic drugs. He was convicted of both charges in Wake District Court and appealed to the superior court where he was tried on pleas of not guilty. The jury found him guilty of both charges and from prison sentences imposed, defendant appealed, assigning errors in the court's instructions to the jury.

*Attorney General Robert Morgan by William W. Melvin and William B. Ray, Assistant Attorneys General, for the State.*

*William T. McCuiston for defendant appellant.*

BRITT, Judge.

Defendant's first assignment of error relates to that portion of the jury charge in which the court summarized the State's evidence. Introductory to the summarization, the court said: "There is evidence in this case which tends to show," etc. The court then very briefly reviewed the highway patrolman's

testimony with respect to defendant's speeding 100 m.p.h. and being under the influence of intoxicants following which the court said: "Now what the evidence does show in any respect is solely for you the jury to say and determine." Defendant contends the failure of the court to provide the latter quoted instruction after the summarization of testimony pertaining to speeding violated the expression of opinion proviso of G.S. 1-180. We disagree with this contention and hold that the instructions to which this assignment of error relates are free from error.

Defendant's other assignment of error is to the following jury instruction: "I instruct you that the defendant was under the influence of an intoxicating liquor, if by reason of having drunk any intoxicating beverage he was appreciably affected thereby in that he lost the normal control of the powers or functions of his body or mind or both, so that such loss could be estimated or recognized."

Defendant contends that the trial court's definition of "under the influence" is not consistent with the definition set forth in *State v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688 (1946) and subsequent decisions based thereon including *State v. Green,* 251 N.C. 141, 110 S.E. 2d 805 (1959). In *Carroll,* the Supreme Court said: "When a person drinks a sufficient quantity of liquor or other intoxicating beverage to cause him to lose the normal control of his bodily and mental faculties to such an extent that such loss of the normal control of these faculties is appreciable, then such person is under the influence of liquor within the meaning of the statute. And until there is some appreciable impairment of the mental or physical faculties, or both, the person is neither drunk nor under the influence of liquor within the meaning of the statute."

We hold that the test for "under the influence" stated by the trial court in the instant case is consistent with the test declared in *Carroll.*

In *State v. Bowen,* 226 N.C. 601, 39 S.E. 2d 740 (1946) the use of the words "materially impaired" instead of "appreciably impaired" were held to be without error. In *State v. Lee,* 237 N.C. 263, 74 S.E. 2d 654 (1953) the words "perceptibily" instead of "appreciably" was approved. In Webster's Third New International Dictionary appreciable is defined as

"capable of being perceived and recognized or of being weighed and appraised."

Although we think it would have been better for the trial court in the instant case to have adhered strictly to the definition laid down in *Carroll*, we cannot say that there is an inconsistency, therefore, the assignment of error is overruled.

No error.

Judges MORRIS and PARKER concur.