STATE OF NORTH CAROLINA v. ELI COMBS, JR.

No. 7123SC654

(Filed 15 December 1971)

**Automobiles §§ 120, 129— definition of "under the influence"**

Trial court's definition of under the influence of intoxicating liquor, "The defendant by reason of having drunk some intoxicating beverage had lost the normal control of the powers or functions of his body or mind to such an extent that such loss could be estimated or recognized," *held* proper. G.S. 20-138.

APPEAL by defendant from *Exum, Judge,* 21 June 1971 Session of Superior Court held in WILKES County.

Defendant was charged with the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor in violation of G.S. 20-138. He was found guilty in the District Court and appealed to the Superior Court. Defendant was tried *de novo* before a jury in the Superior Court upon his plea of not guilty. The jury returned a verdict of guilty and defendant now appeals to this Court.

State v. Combs

*Attorney General Morgan, by Associate Attorney Byrd, for the State.*

*Moore & Rousseau, by Julius A. Rousseau, for the defendant.*

BROCK, Judge.

Defendant brings forward and argues one assignment of error. He argues that the trial judge failed to give to the jury a correct definition of the term "under the influence of intoxicating liquor."

Upon this question the trial judge instructed the jury as follows:

"What do we mean by under the influence of intoxicating liquor? That phrase means in law that the defendant by reason of having drunk some intoxicating beverage had lost the normal control of the powers or functions of his body or mind to such an extent that such loss could be estimated or recognized.

"I will go over that again.

"Under the influence of intoxicating liquor means that the defendant at the time and place in question had by reason of having drunk some intoxicating beverage lost the normal control of the powers or functions of his body or mind, or both, so that such loss could be estimated or recognized."

Defendant relies upon *State v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688. In *Carroll* it is said that ". . . a person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of the statute, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs, to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties." The opinion in *Carroll* was concerned with an instruction by the trial judge as follows: "Where a person has drunk a sufficient quantity of alcoholic liquor or beverage to affect, however slightly, his mind and his muscles, his mental and his physical faculties, then he is under the influence of intoxicating liquor or beverage." It is obvious that the phrase "however

State v. Combs

slightly" does not properly express the intent of G.S. 20-138, which makes it an offense to operate a motor vehicle on the public highway while under the influence of intoxicating liquor, and the Supreme Court pointed out in *Carroll* that the statute requires an "appreciable impairment" of one's normal control of his bodily or mental faculties, or both.

However, our Supreme Court has not decreed that the word "appreciable" is the only word capable of properly expressing the statutory intent. In *State v. Bowen*, 226 N.C. 601, 39 S.E. 2d 740, the use of the words "materially impaired" was held to be without error. In *State v. Lee*, 237 N.C. 263, 74 S.E. 2d 654, there was no error found in the use of the words "perceptibly impaired." In *State v. Peurifoy*, 251 N.C. 82, 110 S.E. 2d 445, there was no error found in the use of words "obvious impairment." In *State v. King*, 12 N.C. App. 568, 183 S.E. 2d 857, we held there was no error in the use of the words "estimated or recognized." Webster's Third New International Dictionary (1968) defines the word "appreciable" as follows: "capable of being perceived and recognized or of being weighed and appraised." J. I. Rodale, The Synonym Finder (1967) lists synonyms for the word "appreciable" as follows: "material enough to be recognized, large enough to be estimated, definite, noticeable, perceptible, discernible, estimable, ascertainable, visible, apparent, distinguishable, cognizable, perceivable, sensible, detectable, evident."

We hold that the instruction complained of properly expresses the intent of the statute and is in accord with the holding in *State v. Carroll, supra.*

No error.

Judges BRITT and VAUGHN concur.