State v. Robinette

*Attorney General Morgan by Associate Attorney General Price for the State.*

*Edward G. Bailey for defendant appellant.*

STATE OF NORTH CAROLINA v. CARLEE W. ROBINETTE

No. 7122SC645

(Filed 15 December 1971)

1. Automobiles § 129— drunken driving — instructions on intoxication

In a prosecution for driving under the influence of intoxicants, the trial court did not err in instructing the jury that a person is under the influence of intoxicants when he has drunk a sufficient quantity thereof to lose the normal control of his mental or bodily faculties to such an extent that there is appreciable "or noticeable" impairment of one or both of those faculties.

2. Automobiles § 129; Criminal Law §§ 32, 55— breathalyzer result — presumptions

In a prosecution for drunken driving, the trial court properly instructed the jury that the presumption of intoxication raised under G.S. 20-139.1 by a breathalyzer test result of .27 was merely a permissive inference or *prima facie* evidence of intoxication and that, despite the results of the test, the jury was at liberty to acquit defendant if they found defendant's guilt was not proven beyond a reasonable doubt.

APPEAL by defendant from *Crissman, Judge,* 18 May 1971 Criminal Session of Superior Court held in IREDELL County.

Defendant was charged with operating a vehicle upon a highway while under the influence of intoxicating liquor in violation of G.S. 20-138. He was found guilty in the Recorder's Court of Iredell County and appealed to the superior court. From a verdict of guilty and entry of judgment thereon in the superior court, defendant appealed to this Court.

*Attorney General Robert Morgan by Assistant Attorney General T. Buie Costen for the State.*

*Collier, Harris and Homesley by Walter H. Jones, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] In the course of defining "under the influence of intoxicating liquor" the court instructed the jury, in part, as follows:

"Our Court has said that a person is under the influence of some intoxicating beverage within the meaning of this statute when he has drunk a sufficient quantity of some intoxicating beverage to cause him to lose the normal control of his mental or bodily faculties, his mental or bodily capabilities, to such an extent that there is appreciable *or noticeable* impairment of either one or both of those faculties . . . . " (Emphasis ours.)

Defendant contends that the court's inclusion of the words "or noticeable" renders an otherwise satisfactory instruction so erroneous as to require a new trial. This assignment of error is overruled. See the opinion in *State v. Combs,* No. 7123SC654, filed in this Court this date, wherein Judge Brock reviews, among other cases, the case of *State v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688, relied on by defendant. In *State v. Lee,* 237 N.C. 263, 74 S.E. 2d 654, the Court approved the use of the word, "perceptibly" instead of the word "appreciably." To paraphrase a statement by the Court in *Lee,* we fail to see in the word "noticeable" sufficient difference in meaning and common understanding from the rule given in *Carroll* as to constitute error.

[2] Defendant did not object to the admission of the result of the breathalyzer test, 0.27, which was administered to him within thirty or forty-five minutes of his arrest, but contends that the judge failed to correctly instruct the jury as to the presumption created by the statute, G.S. 20-139.1. We do not deem it

necessary to set out the instructions in detail. It is sufficient to say that His Honor clearly instructed the jury that the word "presumption" was used in the sense of a permissive inference, or *prima facie* evidence and that, despite the results of the test, the jury was at liberty to acquit defendant if they found his guilt was not proven beyond a reasonable doubt. *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165. This assignment of error is overruled.

We have carefully considered all of defendant's assignments of error which were brought forward on appeal. In the trial we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.