STATE OF NORTH CAROLINA v. CLARK EUGENE PAYNE

No. 7319SC581

(Filed 26 September 1973)

**1. Automobiles § 127— drunken driving — sufficiency of evidence**

Trial court in a drunken driving case properly denied defendant's motion to dismiss where the evidence tended to show that defendant weaved back and forth across the highway, that when he stopped his car and got out, he was unsteady on his feet and had the odor of alcohol on his breath, and that in the opinion of two high-

way patrolmen defendant was under the influence of intoxicating liquors.

2. **Automobiles § 129— drunken driving — improper instruction — no prejudice**

Though the court in a drunken driving case inadvertently used the words "appreciable extent" rather than "appreciable impairment" when instructing as to the effect which the intoxicating liquors must have upon an individual to sustain a conviction for driving under the influence, the court was obviously referring to an impairment of defendant's bodily or mental faculties, not to the amount defendant had drunk, and defendant was not prejudiced by the instruction.

3. **Criminal Law § 168— drunken driving — reference to defendant — no prejudice**

Reference in the court's charge to "defendant" rather than "witness," though error, was harmless beyond a reasonable doubt.

APPEAL by defendant from *Armstrong, Judge,* 19 February 1973 Session of Superior Court held in ROWAN County.

Defendant was convicted in the district court for unlawfully and wilfully operating a motor vehicle on a public highway on 8 February 1972 while under the influence of intoxicating liquors. He appealed to the superior court from that conviction and had a trial de novo before a jury on a plea of not guilty. The jury returned a verdict of guilty, and the court imposed a sentence of six months imprisonment. Defendant appeals.

*Attorney General Morgan, by Associate Attorney Howard A. Kramer, for the State.*

*Carlton, Rhodes & Thurston, by Richard F. Thurston and Linda A. Thurston, for defendant appellant.*

BALEY, Judge.

[1]  Defendant contends that the evidence was not sufficient for submission to the jury and that the court should have granted his motion for dismissal.

The evidence viewed in the most favorable light for the State disclosed that defendant, when observed by a highway patrolman, was driving his car and weaved from the right to the left lane of the highway and back over to the right shoulder. When he stopped and got out of the car, he was unsteady on his feet and had the odor of alcohol on his breath. His eyes were red, bloodshot, and watery; his speech, slurred; and his atti-

State v. Payne

tude, belligerent. In the opinion of two highway patrolmen he was under the influence of intoxicating liquors. This is ample evidence from which a jury could conclude that defendant was under the influence of intoxicating liquors to the extent that his physical and mental faculties were appreciably impaired. The motion to dismiss was properly denied.

There are numerous other assignments of error which relate to an alleged unfavorable attitude of the court toward the defendant and his counsel in controlling the examination of witnesses and in the charge to the jury. We have considered all of the exceptions which were properly brought forward and presented for review and, as presented, hold that they fail to show prejudicial error.

As to the charge, the fact that the court spent more time in summarizing the State's evidence than that of the defendant is attributable to the fact that the witnesses for the State testified more extensively than those of the defendant. *State v. Jessup,* 219 N.C. 620, 14 S.E. 2d 668; *State v. Crutchfield,* 5 N.C. App. 586, 169 S.E. 2d 43.

[2] Defendant excepts to the instruction of the court in defining what constitutes driving under the influence. The court inadvertently used the words "appreciable extent" rather than "appreciable impairment" when referring to the effect which the intoxicating liquors must have upon an individual to sustain a conviction for driving under the influence. The court defined the term as "sufficient to be recognized and estimated or is noticeable and you can see it, common sense and reason for that definition of an appreciable extent." This is obviously referring to an impairment of the defendant's bodily or mental faculties, not to the amount defendant had drunk. In *State v. Felts,* 5 N.C. App. 499, 168 S.E. 2d 483, cited by the defendant, a somewhat similar instruction was held erroneous, but there it appeared that the trial judge had given the impression that if defendant had drunk an appreciable amount of an alcoholic beverage, he would be guilty. The approved definition of "under the influence" is set out in *State v. Carroll,* 226 N.C. 237, 240-41, 37 S.E. 2d 688, 691:

> "[A] person is under the influence of intoxicating liquor . . . when he has drunk a sufficient quantity of intoxicating beverage . . . to cause him to lose the normal control of his bodily or mental faculties, or both, to such

an extent that there is an appreciable impairment of either or both of these faculties."

While the instruction in the present case is no model of clarity, it is substantially equivalent to the approved charge in *Carroll* and will not be held as error.

[3] Again, in a *lapsus linguae,* at one point in the charge the court referred to "defendant" rather than "witness," but it is clear from a reading of the charge that such error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18.

Defendant has failed to bring forward assignments of error which disclose prejudicial error in his trial.

No error.

Judges CAMPBELL and VAUGHN concur.