STATE OF NORTH CAROLINA v. JOHN D. LIVINGSTON

No. 7412SC545

(Filed 3 July 1974)

Automobiles § 127— drunken driving — sufficiency of evidence — failure to state defendant's faculties "appreciably" impaired

The State's evidence was sufficient for the jury in a prosecution for drunken driving where an officer testified he saw defendant operating an automobile partly on the sidewalk and partly in the street, that defendant had an odor of alcohol about him, that defendant's face was "real red," his eyes were bloodshot and his speech was slow and deliberate, that defendant walked unsteadily, and that in his opinion defendant had consumed enough of some type of intoxicating beverage to impair both his mental and physical faculties,

State v. Livingston

notwithstanding the officer did not state that defendant's physical or mental faculties were "appreciably" impaired.

APPEAL by defendant from *Canaday, Judge,* 19 December 1973 Session of Superior Court held in CUMBERLAND County.

Defendant was charged with driving under the influence of liquor in violation of G.S. 20-138.

Evidence for the State tended to show the following. At 1:45 a.m. on the morning of 2 March 1973, Patrolman R. E. Shambley of the Fayetteville Police Department saw defendant operating an automobile which was partly on the sidewalk and partly in the street. Upon stopping defendant, Shambley detected the odor of alcohol about him. Defendant's face was "real red," and his eyes were "bloodshot." When he walked, defendant "wasn't real steady . . . and [had] a tendency to sway. . . . " Shambley also testified that defendant's speech was "slow and deliberate." Defendant stated that he was not drunk. Shambley testified that in his opinion defendant "had consumed enough of some type of intoxicating beverage to impair both his mental and physical faculties."

Defendant offered no evidence.

Upon a verdict of guilty, defendant was sentenced to a prison term of 90 days.

*Attorney General Robert Morgan by John R. Morgan, Associate Attorney, for the State.*

*Rose, Thorp and Rand by Anthony E. Rand and Cherry and Grimes by Sol G. Cherry, attorneys for defendant appellant.*

VAUGHN, Judge.

The only issue on appeal is whether the court erred in denying defendant's motion for nonsuit. The thrust of defendant's argument is that since Officer Shambley did not state that defendant's physical or mental faculties were "appreciably" impaired, *see State v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688; *State v. Combs,* 13 N.C. App. 195, 185 S.E. 2d 8, the evidence was insufficient to take the case to the jury.

"An odor of alcohol on the breath of the driver of an automobile is evidence that he has been drinking. *Boehm v. St. Louis Public Service Co.,* 368 S.W. 2d 361 (Mo.). How-

ever, an odor, *standing alone,* is no evidence that he is under the influence of an intoxicant, *Baldwin v. Schipper,* 155 Colo. 197, 393 P. 2d 363, and the *mere* fact that one has had a drink will not support such a finding. *McCarty v. Purser,* 373 S.W. 2d 293 (Tex. Civ. App.). Notwithstanding, the '[f]act that a motorist has been drinking, when considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of G.S. 20-138.' *State v. Hewitt,* 263 N.C. 759, 140 S.E. 2d 241."

*Atkins v. Moye,* 277 N.C. 179, 176 S.E. 2d 789.

The evidence in the case before us was sufficient *prima facie* to show a violation of the statute and thus to allow the *jury* to decide whether there was an appreciable impairment.

No error.

Judges MORRIS and BALEY concur.