STATE OF NORTH CAROLINA v. WILLIE WHITE

No. 7426SC566

(Filed 18 December 1974)

Criminal Law § 146— question not raised in trial court — no showing of error on appeal

> Defendant failed to show that the trial judge committed error in "precluding defendant's counsel from gaining access to statements made by witnesses" where the record does not show that such a question was raised in the trial or was passed on by the judge.

APPEAL by defendant from *Falls, Judge,* 18 February 1974 Session of Superior Court held in MECKLENBURG County. Argued in the Court of Appeals 14 October 1974.

Defendant was charged with assault with a deadly weapon with intent to kill and inflicting serious bodily injury. G.S. 14-32(a). The jury verdict was guilty of assault with a deadly weapon and inflicting serious injury. G.S. 14-32(b). An active prison sentence was imposed.

Miller v. Miller

*Attorney General Carson, by Assistant Attorney General Murray, for the State.*

*Levine & Goodman, by Arthur Goodman, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant argues one assignment of error. He argues on appeal that the trial judge committed error in "precluding defendant's counsel from gaining access to statements made by witnesses." Defendant argues the principles of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215. The principles of *Brady* have been recognized recently by our Supreme Court in *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973), and by this Court in *State v. Chavis, et al.* (filed 18 December 1974). However, counsel's argument of those principles in this case seems wide of the mark.

After reviewing the record on appeal in this case, we cannot find that such a question was raised in the trial or was passed on by the judge. The only question about a statement of a witness was raised during cross-examination of one of the investigating officers. It appears that the officer wanted to look at something to refresh his recollection. Counsel insisted that, if the witness were going to use notes to refresh his recollection, counsel was entitled to see the notes also. No ruling by the judge appears in the record on appeal. In any event the witness did not use notes to refresh his recollection.

No error.

Judges PARKER and MARTIN concur.