STATE OF NORTH CAROLINA v. CALVIN CUNNINGHAM

No. 7726SC490

(Filed 16 November 1977)

1. **Criminal Law § 91.8— failure to grant continuance—absence of motion for continuance**

The appellate court will not consider the question of whether the trial court erred in failing to grant defendant a continuance so that a photograph, furnished to defendant on the day of trial and introduced by the State, could have been used in the preparation of defendant's defense where defendant made no motion in the trial court for a continuance.

2. **Criminal Law § 162.3— proper question—improper answer—necessity for motion to strike**

No issue was presented on appeal with respect to a medical expert's improper response to a proper hypothetical question where appellant made no motion to strike the improper response.

3. **Homicide § 15.1— cause of death—hypothetical questions—assumption wounds inflicted by defendant**

Although two hours intervened between the time defendant stabbed deceased in a restaurant and the discovery of deceased's body at another location, hypothetical questions posed to two medical witnesses were not improperly phrased because they allowed the witnesses to assume that wounds observed in an autopsy as the cause of death were the same wounds inflicted by defendant, since defendant introduced no evidence of an intervening agent which might have caused deceased's wounds, and the jury would have been justified in concluding that the wounds which caused the death were the wounds inflicted by defendant.

4. **Homicide §§ 23.2, 30— intervening time between stabbing and death—absence of instructions on intervening cause, felonious assault**

Evidence in a homicide case that some two hours elapsed between the time defendant stabbed deceased in a restaurant and the discovery of deceased's body at another location did not require the court to instruct on intervening agency or on assault with a deadly weapon with intent to kill absent any evidence of an intervening agency as the cause of death.

APPEAL by defendant from *Howell, Judge.* Judgment entered 13 January 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 20 October 1977.

Defendant was indicted for murder and upon his plea of not guilty the jury returned a verdict of guilty of voluntary manslaughter. From a judgment sentencing him to imprisonment for a term of 20 years, defendant appealed.

Prior to trial the defendant moved to dismiss the charge on the ground that the State had not fully complied with a pretrial discovery order entered 23 November 1976 by failing to furnish to defendant a photograph of the deceased used by the State at trial. The State argued that it had not received the photograph until the day of trial, that one week prior to trial it had informed the defendant of its intent to use the photograph at trial, and that it had given the photograph to defendant as soon as possible—the morning of the trial. The trial judge denied defendant's motion to dismiss but permitted defendant's attorney to show the photograph to defendant's witnesses prior to the trial.

At trial, the State offered evidence tending to show: that on the evening of 28 June 1976, defendant and four other people were gathered in Rudean's Restaurant in Charlotte; that around 8:30 p.m. the deceased, Charles Anthony, appeared in the restaurant; that when Anthony entered the restaurant defendant got out of the booth where he was seated with three other people and went into the restroom; that Anthony then took the defendant's seat in the booth; that defendant suddenly ran out of the restroom and began striking Anthony with a small knife; that defendant struck Anthony several times with the knife, and Anthony began to bleed profusely; that Anthony struggled out of the booth and staggered toward the door at which time defendant stabbed him in the back; that Anthony then went out the door and was not seen again by the people in the restaurant; that when Anthony departed, defendant stated that he thought Anthony had come to the restaurant to kill him; that Anthony was discovered bleeding profusely in an empty bus at the bus station at approximately 10:30 p.m. by a police officer; that Anthony was taken to a hospital where he later died. The State also presented medical testimony that Anthony died as a result of complications from knife wounds.

Defendant's evidence tended to show that on the day prior to the knifing defendant learned that he had been accused by Mary Douglas of stealing money from her; that this frightened defendant because he had heard that a boyfriend of Mary Douglas had killed a man accused of stealing from her; that defendant had learned that Miss Douglas had spoken with three men about the alleged theft; that on the night of the stabbing Anthony entered Rudean's Restaurant while two other men remained outside; that

defendant went to the restroom because he was frightened by the situation and feared the men were there to harm him; that when defendant attempted to leave the restaurant, Anthony called him names, pulled something out of his sock, and attempted to strike the defendant; that in response to this assault defendant pulled his small knife from his pocket and slashed, but did not stab, the deceased; that the deceased then ran from the restaurant after being "cut" by the defendant only once, somewhere around his side or abdomen; that the men accompanying Anthony followed defendant when he left the restaurant; that defendant was in such fear of these three men that he became hysterical, and his cousin, with whom he was hiding, called the police.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender Mark A. Michael, for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error is directed to the admission of a photograph of the deceased into evidence over his objection. He argues that the court should have granted the defendant a continuance so that the photograph could be used by the defendant to prepare his defense. The defendant claimed that the State did not fully comply with a pretrial discovery order by not giving a copy of the photograph to the defendant until the day of the trial.

Even a cursory reading of the record reveals that at no time during the discussion with respect to the photograph did defendant request a continuance, nor does he argue that it was improper for the court to deny his motion to dismiss. This Court is limited on appeal to matters raised at trial and properly presented on appeal. We cannot consider the failure of the trial court to allow a continuance when the defendant made no such motion to the judge below. *State v. Taylor*, 240 N.C. 117, 80 S.E. 2d 917 (1954); *State v. White*, 24 N.C. App. 318, 210 S.E. 2d 261 (1974). This assignment of error is overruled.

[2] The defendant's second argument, based upon assignments of error Nos. 7 and 9, is directed to the expert and opinion

testimony of Drs. Wood and Overton. He contends that Dr. Wood invaded the province of the jury by failing to phrase his answer in terms of what "could or might have" been the cause of death, and he contends that the hypothetical questions posed to the doctors were improper in that they assumed that the defendant had inflicted the stab wounds upon which the doctors relied in formulating their opinions as to the cause of death. Below is the question and answer of Dr. Wood to which defendant excepted:

> Q. Dr. Wood, if the jury should find beyond a reasonable doubt that on the 28th day of June, 1976 at approximately 8:30 or 9:00 p.m., that Charles Anthony received multiple stab wounds in Rudean's Grill; that upon the next morning at 9:30 a.m. he was in Charlotte Memorial Hospital, and remained there in critical condition, unable to speak, until his expiration, until he died, do you have an opinion, based upon those facts, and your autopsy, as to what could have, or might have, caused his death?

MR. PAWLOWSKI: I object, Your Honor, for the record.

COURT: Overruled.                          EXCEPTION NO. 7

> My opinion is that Charles Anthony died as a result of stab wounds, complications of stab wounds."

The question was properly phrased for a hypothetical question and it is Dr. Wood's answer which the defendant contends was improperly phrased and as such, unresponsive to the question asked. The question asked for an opinion as to what "could, or might have caused the death", and the answer was phrased as a conclusory statement. The rule is that when the question asked the witness is competent, exception to his answer when incompetent in part, should be taken by a motion to strike out the part that was objectionable. *State v. Patterson*, 284 N.C. 190, 200 S.E. 2d 16 (1973). The objection taken to an unobjectionable question is not sufficient to raise an issue on appeal arising as a result of an improper answer. *State v. Gooding*, 196 N.C. 710, 146 S.E. 806 (1929); *Highway Comm. v. Black*, 239 N.C. 198, 79 S.E. 2d 778 (1954); *State v. Wilson*, 16 N.C. App. 307, 192 S.E. 2d 72 (1972). The defendant did not move to strike the answer and cannot take exception to it at this point.

[3]   The defendant also contends that the questions posed to the two medical witnesses were improperly phrased because they

allowed the doctors to assume that the wounds observed as the cause of death in the autopsy were the same wounds inflicted upon the deceased in Rudean's Restaurant. The defendant argues that there was an intervening period of two hours between the occurrence of the stabbing incident at Rudean's and the discovery of the deceased in the empty bus, a period during which the deceased might have received other knife wounds. A hypothetical question should: (1) Include only such facts as are in evidence or such as the jury will be justified in inferring from the evidence; (2) include all of the material facts which will be necessary to enable the witness to form a satisfactory opinion. 1 Stansbury, N.C. Evidence 2d, § 137, pp. 452, 453 (Brandis Rev. 1973).

There was substantial evidence that the defendant repeatedly stabbed the deceased in the chest area and that blood immediately began to soak the front of the deceased's shirt. The jury would be justified in concluding that the wound in the neck, attributed by the doctors as the cause of death, was one of the wounds inflicted by the defendant in Rudean's Restaurant. Defendant introduced no evidence of an intervening agent which might have caused the wounds of the deceased. The hypothetical questions were proper in form as they were based on the evidence presented. It is clear that the jury was to decide whether the wounds forming the basis of the doctors' opinions were a result of the incident at Rudean's Restaurant, and the hypothetical question posed would not have confused the jury on this point. This assignment of error is overruled.

[4] The defendant's last two assignments of error presented are directed to the failure of the court to instruct the jury on the lesser offense of assault with a deadly weapon with intent to kill, arguing that such an instruction was necessary because the defendant contended that an intervening agency was the cause of the death. The purposes of the charge are the clarification of issues, the elimination of extraneous matters, and the application of law arising from the evidence presented. *State v. Jackson*, 228 N.C. 656, 46 S.E. 2d 858 (1948). It is error for the court to charge the jury on a principle of law which does not arise from the evidence. *State v. Duncan*, 264 N.C. 123, 141 S.E. 2d 23 (1965); *State v. Gurley*, 257 N.C. 270, 125 S.E. 2d 445 (1962). The defendant presented no evidence of an intervening agency inflicting wounds upon the deceased and was not entitled to such an in-

struction. It is true that the witnesses to the stabbing did not see the deceased drop dead on the spot, that the deceased was not seen for a brief period of time after the stabbing before he was discovered by a policeman, and that the defendant did not die until a few days after the stabbing. The State's evidence relating to the cause of death was, therefore, circumstantial. The defendant requested and received an instruction regarding proof of death by circumstantial evidence. To this the defendant was entitled. Absent any evidence of an intervening agent as the cause of death, the defendant was not entitled to an instruction on intervening agency, or assault with a deadly weapon with intent to kill.

No error.

Judges VAUGHN and CLARK concur.