STATE OF NORTH CAROLINA v. LINDA RAYFIELD SIGMON

No. 8425SC989

(Filed 7 May 1985)

1. **Automobiles and Other Vehicles § 129.3— breathalyzer reading of .06—instructions on per se impairment**

     Although defendant's failure to object at trial to the omission of any instructions precluded review of an assignment of error regarding the court's instructions under App. Rule 10(b)(2), it was noted that there was no basis in statutory or case law for arguing that a breathalyzer reading of .06 creates a presumption that a defendant is not impaired. Furthermore, the court was not required to instruct the jury on its own motion on the .10 per se theory of G.S. 20-138.1(a)(2) where there was insufficient evidence of a per se .10 violation in that the breathalyzer result was .06 and where there was substantial evidence apart from the breathalyzer that defendant was impaired in that the arresting officer testified that in her opinion, defendant was under the influence of alcohol.

2. **Automobiles and Other Vehicles § 130.1— limited driving privilege denied—no abuse of discretion**

     There was no abuse of discretion in denying a defendant convicted of driving while impaired a limited driving privilege for the purpose of maintaining her household and her son's activities. G.S. 20-179.3(a) and (d).

3. **Automobiles and Other Vehicles § 130.1; Criminal Law § 134— determination of sentencing factors form—signed out of term and out of district**

     There was no error in signing the impaired driving determination of sentencing factors form out of term and out of district where a sentencing

hearing was held immediately after the verdict, the court dictated to the assistant clerk findings and conclusions, and the assistant clerk typed them later and mailed them to the judge for her signature. G.S. 20-179.

APPEAL by defendant from *Pope, Judge.* Judgment entered 13 June 1984 in Superior Court, CATAWBA County. Heard in the Court of Appeals 3 April 1985.

In this criminal case defendant, Linda Rayfield Sigmon, was convicted at a jury trial of driving while impaired in violation of G.S. 20-138.1.

The jury returned its verdict on 13 June 1984. The Honorable Mary McLaughton Pope, Superior Court Judge, then orally found that this was a level 5 offense with a mitigating factor, i.e. defendant has a safe driving record, having had no convictions of any serious traffic violation within five years of the date of this offense. Finding that mitigating factors substantially outweighed the aggravating factors (none were found), Judge Pope sentenced defendant to 60 days in jail suspended for two years, placed defendant on supervised probation for 2 years and ordered payment of a fine of $100 and costs of court. Defendant's request for a limited driving privilege was denied. Defendant appeals.

Judge Pope did not sign the "Impaired Driving Determination of Sentencing Factors" form on 13 June 1984 as indicated on the document. An affidavit, signed by Kay C. Sherrill, Assistant Clerk of Superior Court, tends to show that the document in question was mailed to Judge Pope in another county after the week of 11 June 1984 and was received in the office of the Clerk of Superior Court of Catawba County during the week of 3 September 1984.

*Attorney General Edmisten, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Randy D. Duncan, for defendant-appellant.*

EAGLES, Judge.

I

[1]  Defendant first assigns as error the trial court's failure to instruct the jury that a breathalyzer result of less than 0.10 creates

a presumption that the person is not under the influence of alcohol and that G.S. 20-138.1 is a "two fold statute."

Appellant's failure to comply with Rule 10(b)(2), Rules of Appellate Procedure precludes our review of this assignment of error. Rule 10(b)(2) provides:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make objection out of the hearing of the jury and, on request of any party, out of the presence of the jury . . . An exception to the failure to give particular instructions to the jury . . . shall identify the omitted instruction . . . by setting out its substance immediately following the instructions given.

Rule 10(b)(2) is mandatory and not merely directory. *State v. Fennell*, 307 N.C. 258, 297 S.E. 2d 393 (1982). The purpose of Rule 10(b)(2) is to encourage the parties to inform the trial court promptly of alleged errors in its instructions so that it can correct the instructions and cure any potential errors before the jury deliberates and thereby eliminate the need for a new trial. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

The record reveals the following exchange at the instruction conference at the close of all the evidence:

*The Court*: [D]oes the defendant have any special requests for instructions?

*Defense Attorney*: No, Your Honor, except reasonable doubt.

*The Court*: Other than those instructions that I have just indicated, I will give, do you all want to make any additions or corrections or any special requests now?

*Assistant District Attorney*: No, Your Honor.

*The Court*: For the defendant?

*Defense Attorney*: No, Your Honor.

The trial court then instructed the jury on the State's theory of "under the influence of an impairing substance" pursuant to

G.S. 20-138.1(a)(1). After the jury was instructed, but before deliberation began, the following exchange took place:

> *The Court*: The jury has been excluded from the courtroom. Are there any requests for additions or corrections on behalf of the defense?
>
> *Defense Attorney*: No, Your Honor.

Defendant, after being given every reasonable opportunity to do so, failed to object to the omission of any instruction as required by Rule 10(b)(2).

Nevertheless, we note that defendant's contention that because a blood alcohol concentration of 0.10 or more is illegal per se under G.S. 20-138.1(a)(2), a breathalyzer reading of 0.06 must create a presumption that the defendant is not impaired is totally without merit and has no basis in statutory or case law.

Defendant also argues that since G.S. 20-138.1 is a "two fold statute," i.e. one may be convicted for driving a vehicle on a public street or highway while (1) under the influence of an impairing substance or (2) after having consumed sufficient alcohol that he has, at any relevant time after driving, a blood alcohol concentration of 0.10 or more—the trial court should have instructed the jury on the 0.10 per se theory on its own motion. This argument is without merit.

Before permitting the jury to consider a particular offense, the trial court must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). Here, the evidence at trial tended to show that defendant had a blood alcohol content of 0.06. Defendant was arrested by a police officer who testified that in her opinion, defendant was under the influence of alcohol. The officer's opinion was based on observation of defendant, defendant's driving on the occasion in question, the odor of alcohol about her person and her inability to perform satisfactorily certain sobriety tests. This constituted substantial evidence, separate and apart from the breathalyzer result, that defendant's mental and physical faculties were appreciably impaired. G.S. 20-138.1(a)(1). Conversely, there was not sufficient evidence of a per se 0.10 violation under G.S. 20-

138.1(a)(2) to submit to the jury where the breathalyzer result indicated a blood alcohol content of 0.06. Accordingly, it was not error for the trial court to fail to instruct the jury concerning G.S. 20-138.1(a)(2) on its own motion.

## II

[2] Defendant next assigns as error the trial court's refusal to grant defendant a limited driving privilege. We find no error.

The granting or denying of a limited driving privilege pursuant to G.S. 20-179.3(a) is for good cause shown, the decision resting in the sound discretion of the trial court. Defendant has no entitlement to a limited driving privilege.

Our examination of the record indicates that when seeking the limited driving privilege, defendant's attorney informed the court:

> [Defendant] is presently separated. Her minor son lives with her. We ask that she be considered for a restrictive privilege for the purpose of maintaining her household and her son's activities.

From our review of the record it is clear that defendant has shown no abuse of discretion or prejudice in the trial court's refusal to issue a limited driving privilege.

Parenthetically, we note that G.S. 20-179.3(d) permits defendant to make a subsequent application for a limited driving privilege. At that time, defendant will have opportunity to marshal her evidence tending to show "good cause" for the issuance of the limited driving privilege.

## III

[3] Defendant next assigns as error the making and signing of written findings of sentencing factors in aggravation or mitigation out of term and out of district. We find no error.

The record reveals that a sentencing hearing was held immediately after verdict, without objection by defendant. There, the trial court dictated to the Assistant Clerk of Superior Court the findings of fact and conclusions of law which appear at pages 65-67 of the transcript which is before us by agreement of counsel

pursuant to Rule 9 of the Rules of Appellate Procedure. Apparently, the Assistant Clerk of Superior Court typed the "Impaired Driving Determination of Sentencing Factors" (AOC Form CR-311) later and mailed them to Judge Pope for her signature. We find no requirement in the sentencing provisions of the Safe Roads Act, G.S. 20-179, requiring sentencing forms to be signed at the time of sentencing. We find no indication that the procedure utilized here is inappropriate. Finally, defendant has shown no prejudice. Accordingly, this assignment of error is overruled.

No error.

Judges WHICHARD and JOHNSON concur.