IN RE ESTATE OF BRYANT

[116 N.C. App. 329 (1994)]

———

In the Matter of the Estate of MELISSA GAIL BRYANT

No. 936SC685

(Filed 6 September 1994)

1. **Executors and Administrators § 8 (NCI4th)— letters of administration—priorities in granting**

    The clerk and the trial court erred in determining that "next of kin" and "heir" are synonymous under N.C.G.S. § 28A-4-1, the statute establishing the priority for letters of administration. Although the two terms are synonymous in the construction of wills, deeds and other writings, that synonymity applies only in the construction of wills, deeds, and other writings, not in the interpretation of N.C.G.S. § 28A-4-1 because the General Assembly would not use two different terms to refer to the same class

IN RE ESTATE OF BRYANT

[116 N.C. App. 329 (1994)]

of people in consecutive paragraphs of the same statute; inter-preting "next of kin" as synonymous with "heirs" would reduce one of the phrases to redundancy; and the legislature would have amended paragraph three when it revised the statute in 1987 rather than inserting a whole new paragraph using a different class label if it had intended merely to provide a mechanism for distinguishing between heirs. The term "next of kin" must refer to the class of blood relatives of the decedent, without regard to their eligibility to take under the intestacy statute.

**Am Jur 2d, Executors and Administrators §§ 157 et seq.**

2. **Executors and Administrators § 8 (NCI4th)— letters of administration—next of kin**

    The clerk and the court erred in failing to find that petitioner was the next of kin to the decedent where respondent admitted that petitioner is the mother of the decedent. Petitioner is thus next of kin and she has priority for letters of administration over respondent. N.C.G.S. § 28A-4-1.

**Am Jur 2d, Executors and Administrators §§ 157 et seq.**

Appeal by petitioner from order signed 3 May 1993 by Judge James R. Strickland in Halifax County Superior Court. Heard in the Court of Appeals 10 March 1994.

Following the death of Melissa Gail Bryant, the Halifax County Clerk of Superior Court granted letters of administration for the estate to the respondent, Wilbur Lee Cahoon, on 12 November 1992. Respondent is the father of the decedent's minor child, but was not married to the decedent. On 18 December 1992, petitioner, the dece-dent's mother, petitioned the clerk to revoke the letters granted to respondent and grant them to her instead. The clerk held a hearing on 8 January 1993 and entered an order allowing respondent to continue to serve as administrator of the estate. Petitioner appealed this order to the superior court. Following a hearing on 12 April 1993, the court entered an order affirming the decision of the clerk. From this order, petitioner appeals.

*Mosely & Elliott, by Terry M. Sholar, for petitioner-appellant.*

*James, Wellman & White, by Lillian M. Neal Pruden and Thomas H. Wellman, for respondent-appellee.*

IN RE ESTATE OF BRYANT

[116 N.C. App. 329 (1994)]

McCRODDEN, Judge.

Petitioner makes two arguments supporting two assignments of error to the court's order: (I) that the clerk and the trial court erred in determining that under the statute establishing the order of priority for letters of administration, "next of kin" and "heir" are synonymous and, (II) that the clerk and the judge erred in failing to determine that petitioner was next of kin within the meaning of the statute. We find merit in both of petitioner's arguments and reverse the trial court.

[1] Since the decedent died intestate, N.C. Gen. Stat. § 28A-4-1 (Supp. 1993) specifies to whom letters of administration shall be granted. The statute provides that, unless he determines in his discretion that the best interests of the estate otherwise require, the Clerk of Superior Court shall grant letters to applicants in the following order:

(1) The surviving spouse of the decedent;

(2) Any devisee of the testator;

(3) Any heir of the decedent;

(3a) Any next of kin, with a person who is of a closer kinship as computed pursuant to G.S. 104A-1 having priority;

(4) Any creditor to whom the decedent became obligated prior to his death;

(5) Any person of good character residing in the county who applies therefor; and

(6) Any other person of good character not disqualified under G.S. 28A-4-2.

N.C.G.S. § 28-4-1. When the persons applying for letters of administration are equally entitled to them, the clerk shall award them to the person who is most likely to administer the estate advantageously. *Id.*

In this case, the clerk found:

7. Melissa Gail Bryant died without a spouse and was survived by one heir, Wilson Lee Bryant, her minor child.

8. Respondent is the natural father and legal custodian of said minor child, Wilson Lee Bryant.

9. Pursuant to N.C.G.S. § 28A-4-1(3) and § 28A-1-1 the minor child, Wilson Lee Bryant is the "heir" of the decedent and therefore first in priority to serve as personal representative of the estate of the deceased.

10. Pursuant to N.C.G.S. § 28A-4-1(3a) the minor child is also the "next of kin" in that § 28A-4-1(3a) serves to define "heir[s]" under § 28A-4-1(3) in terms of priority or by placing in order those "heir[s]" entitled to serve as the personal representative. The minor child is the only "heir" and therefore the only "next of kin." Thus, in this case the terms "heir" and "next of kin" as used in N.C.G.S. § 28A-4-1(3) and § 28A-4-1(3a) are synonymous.

11. Pursuant to N.C.G.S. § 28A-4-2 the minor child is under 18 years of age and therefore disqualified to serve as personal representative.

12. Pursuant to N.C.G.S. §. 28A-4-1(5) Petitioner and Respondent are persons of good character residing in Halifax County and are equally entitled to be granted letters.

13. This Order is in the best interests of the estate in that the Respondent, Leon Wilbur Cahoon, is most likely to administer the estate most advantageously.

Petitioner first argues that the trial court erred in finding that with respect to N.C.G.S. § 28A-4-1 "next of kin" is synonymous with "heirs." We agree.

The right to administer an estate is entirely statutory. *In re Estate of Edwards*, 234 N.C. 202, 203, 66 S.E.2d 675, 676 (1951). Until 1973, the direct predecessor to section 28A-4-1 provided that the right was to be granted to the surviving spouse, then to "the next of kin in the order of their degree, where they are of different degrees; if of equal degree, to one or more of them, at the discretion of the clerk," and then to a creditor or any other competent person. N.C. Gen. Stat. § 28-6 (1950) (repealed 1973). When it repealed Chapter 28 of the General Statutes and replaced it with Chapter 28A, the General Assembly amended former section 28-6, substituting the word "heirs" for "next of kin." In 1987, the legislature added subsection (b)(3a), containing the phrase "next of kin."

"Heir" is a technical term with a specific meaning. *Rawls v. Rideout*, 74 N.C. App. 368, 370, 328 S.E.2d 783, 785 (1985). It refers to "any person entitled to take real or personal property upon intestacy." N.C. Gen. Stat. § 29-2 (1984). The term "next of kin," however, has two meanings:

(1) nearest blood relations according to [the] law of consanguinity and (2) those entitled to take under statutory distribution of

[the] intestate's estates, and [the] term is not necessarily confined to relatives by blood, but may include a relationship existing by reason of marriage, and may well embrace persons, who in [the] natural sense of [the] word, and in [the] contemplation of Roman law, bear no relation of kinship at all.

Black's Law Dictionary 1044 (6th ed. 1990).

Before the clerk, respondent argued that the "next of kin" should be given the second of these meanings, relying on N.C. Gen. Stat. § 41-6.1 (1984), and the clerk apparently agreed. Although this confusion is understandable, the clerk erred in using that definition.

N.C.G.S. § 41-6.1 provides that "[a] limitation by deed, will, or other writing, to the 'next of kin' of any person shall be construed to be to those persons who would take under the law of intestate succession, unless a contrary intention appears by the instrument." By enacting N.C.G.S. § 41-6.1, the legislature made "next of kin" synonymous with "heirs." *Rawls*, 74 N.C. App. at 371, 328 S.E.2d at 786. However, we believe this synonymity applies only in the construction of wills, deeds and other writings, not in the interpretation of N.C.G.S. § 28-4-1.

We have three bases for our interpretation. First, we believe that the General Assembly would not use two different terms to refer to the same class of people in consecutive paragraphs of the same statute. Second, to interpret "next of kin" to mean the same thing as "heirs" would violate one of the presumptions of statutory construction: that "no part of a statute is mere surplusage, but each provision adds something which would not otherwise be included in its terms." *Electric Service v. City of Rocky Mount*, 285 N.C. 135, 143, 203 S.E.2d 838, 843 (1974). Interpreting "next of kin" as synonymous with "heirs" for purposes of this statute would reduce one of the phrases to redundancy. Finally, we believe that if the legislature had intended merely to provide a mechanism for distinguishing between heirs when it revised the statute in 1987, it would have amended paragraph (3) rather than inserting a whole new paragraph using a different class label. Hence, with regard to section 28A-4-1, we cannot interpret "next of kin" as synonymous with "heirs".

In this instance, we believe that the term "next of kin" must refer to the class of blood relatives of the decedent, without regard to their eligibility to take under the intestacy statute.

Respondent asserts that the clerk found only that the terms were synonymous in this particular case where there was only one heir and that "next of kin" as used in paragraph (3a) refers to the single heir who is closest in degree of consanguinity. The statute, however, reads "*[a]ny* next of kin." (Emphasis added.) The use of the word "any" indicates that the phrase next of kin is meant to refer to the class of blood relatives, not the member of that class who is closest.

The guiding principle in all statutory construction, of course, is the intention of the legislature. *In re Hardy*, 294 N.C. 90, 95, 240 S.E.2d 367, 371 (1978). Our interpretation of section 28A-4-1 is entirely consistent with the will of the General Assembly. The clear purpose behind establishing the priority list was to ensure that the person who will best preserve the estate administer the estate. It seems natural, then, that one with an economic stake in the estate would be likely to do more to preserve the assets of the estate than would one who had no interest in the estate. Thus, the person with the greatest fractional share of the estate, the surviving spouse, if any, receives top priority. Likewise, a devisee has priority over the general heirs and the heirs have priority over next of kin, who would not necessarily take under the intestate succession laws.

Respondent points out that next of kin, who might not have an economic interest in the estate, are given priority over creditors, who obviously have a stake in the estate. While this is true, we find it consistent with other concerns of the legislature. The General Assembly has long recognized that the winding up of a deceased person's affairs involves personal as well as financial matters. Indeed, one of the earliest versions of the statute provided that "if the person applying shall be deemed incompetent, the court may grant administration to any *discreet* person." 1854 Revised Code of North Carolina Ch. 46 § 3 (repealed 1868) (emphasis added). Thus, it is hardly surprising that the legislature provided that next of kin, who may have no economic interest but who would be more likely to be sensitive to personal matters, have priority over creditors, who are likely to be strangers.

We conclude that for purposes of N.C.G.S. § 28A-4-1, "next of kin" refers to the class of blood relatives of the decedent, and that the court erred in determining that that term was synonymous with "heirs."

[2] Petitioner next argues that the clerk, and therefore the court, erred in failing to find that petitioner was next of kin to the decedent. We agree. In his response to the petition to revoke letters of adminis-

tration, respondent admitted that petitioner is the mother of the decedent. Thus, petitioner is next of kin within the definition of that term and she has priority for the letters of administration over respondent, who falls in category (5) of N.C.G.S. § 28A-4-1.

For the foregoing reasons, we reverse the order of the trial court and remand the case to the Halifax County Superior Court for remand to the clerk. Unless the clerk determines that the best interests of the estate otherwise require, he should issue the letters of administration to petitioner forthwith.

Reversed.

Judges EAGLES and MARTIN concur.