STATE OF NORTH CAROLINA v. DANNY LESTER PYATT

No. COA96-213

(Filed 7 January 1997)

### 1. Criminal § 695 (NCI4th Rev.)— impairing substance—special instructions—oral request—written requirement

The trial court did not err by failing to instruct the jury on the definition of "impairing substance" where defendant, who was arrested and charged with driving while subject to an impairing substance, did not properly request that the definition of "impairing substance" be included in the jury instructions. The only type of request made by defendant for a special instruction was an oral request during the charge conference and this request was insufficient because it was not in writing as required by N.C.G.S. § 15A-1231.

**Am Jur 2d, Trial § 1247.**

### 2. Evidence and Witnesses § 1811 (NCI4th)— breathalyzer—impairing substance—willful refusal—admissible

It was not error, much less plain error, for the trial court to instruct the jury in a prosecution for impaired driving that it could consider evidence of defendant's refusal to take an intoxilyzer test without finding that the refusal was willful. N.C.G.S. § 20-139.1(f) does not require a willful refusal before evidence of a refusal is admissible.

**Am Jur 2d, Automobiles and Highway Traffic § 379.**

**Admissibility in criminal case of blood-alcohol test where blood was taken despite defendant's objection or refusal to submit to test. 14 ALR4th 690.**

**Admissibility in criminal case of evidence that accused refused to take test of intoxication. 26 ALR4th 1112, sec. 1.**

**3. Automobiles and Other Vehicles § 115 (NCI4th)— motion to dismiss—driving while impaired—revoked license—fine**

The trial court did not err in denying defendant's motion to dismiss charges that he was driving while impaired where defendant's basis for dismissal was that it would be double jeopardy because he had previously been punished by having his license revoked and paying a $50 fee. The Supreme Court decided in *State v. Oliver*, 343 N.C. 202, 470 S.E.2d 16 (1996), that it is not double jeopardy to try an individual for driving while impaired after revoking his license and requiring him to pay a restoration fee for the same offense.

**Am Jur 2d, Automobiles and Highway Traffic §§ 137 et seq.**

Appeal by defendant from judgment entered 14 September 1995 by Judge Hollis Owens, Jr. in Rutherford County Superior Court. Heard in the Court of Appeals 29 October 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery III, for the State.*

*Roy D. Neill for defendant-appellant.*

LEWIS, Judge.

Defendant was arrested and charged with driving while subject to an impairing substance in violation of N.C. Gen. Stat. section 20-138.1. The matter came on for trial in Rutherford County District Court on 2 February 1995 and defendant was found guilty. He appealed to superior court where a jury also returned a guilty verdict. Defendant appeals.

On 27 June 1994, Sergeant J.S. Whiteside of the Forest City Police Department testified that he arrested defendant for driving while impaired and transported him to the intoxilyzer room at the police department. However, when defendant was asked to take the intoxilyzer, he did not blow into the machine long enough to provide a sufficient breath sample, despite Sergeant Whiteside's instructions to blow longer or he would be considered to have refused the test. After two minutes, Sergeant Whiteside marked defendant as refused.

Earlier, after being advised of his Miranda rights, defendant had told Sergeant Whiteside that he had been drinking beer about thirty minutes prior to the time that Whiteside stopped him.

Larry Pyatt, defendant's brother, testified that he and defendant are partners in a wholesale automotive business which re-conditions cars. He further testified that on 27 June 1994, he was with defendant from 6:30 p.m. until 10:30 p.m. and that for most of that time they were painting cars. Mr. Pyatt testified that his brother consumed two beers between 7:30 p.m. and 8:30 p.m., but did not seem affected by them. He also stated that the area in which defendant painted was not ventilated, had no fans and was kept air-tight.

Dr. Hugh Burford, an expert witness in pharmacology, testified that prolonged exposure to substances in the paints used by defendant could result in impaired motor skills, slurred speech and shortness of breath. He further acknowledged on cross-examination that, based on evidence of what defendant was exposed to, it was possible that at the time he was operating the car, he was impaired.

[1] Defendant first argues that as a result of the trial court's failure to define "impairing substance" for the jury, he was "substantially prejudiced." We find no error.

In *State v. Martin*, 322 N.C. 229, 367 S.E.2d 618 (1988), the Supreme Court stated:

> N.C.G.S. § 15A-1231 which provides for conferences on jury instructions says, "any party may tender written instructions." Superior and District Court Rules, Rule 21, which deals with jury instruction conferences, says, "If special instructions are desired, they should be submitted in writing to the trial judge at or before the jury instruction conference." The defendant in this case did not submit his request for instructions in writing. We hold it was not error for the court not to charge on this feature of the case.

*Martin*, 322 N.C. at 237, 367 S.E.2d at 623.

We find this analysis equally applicable in the present case. It appears from the record that the only type of request made by defendant for his special instruction was an oral request during the charge conference. As *Martin* dictates, this is insufficient.

Additionally, a copy of the requested written instruction, if it was presented to the trial court, is a necessary part of the record on appeal in cases, such as this one, where it is unclear from the tran-

script exactly what instruction was requested. It does not appear from defendant's oral request at the charge conference that he ever actually requested that the definition of "impairing substance" be included in the jury instructions, as he now claims. If we cannot determine what was requested of the trial court, we cannot review the issue on appeal. *See* N.C.R. App. P. 10(b)(1) (1997) (requiring a timely request from trial court for appellate review); *see also, State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983) ("It is the appellant's duty and responsibility to see that the record is in proper form and complete.")

For these reasons, we cannot review defendant's assignments of error based on the alleged insufficient instructions.

[2] Defendant next maintains that the trial court erred in instructing the jury that it could consider defendant's refusal to take the intoxilyzer test without finding that the refusal was willful. Defendant did not object to this instruction, so it is reviewable for plain error. *See State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). " 'The plain error rule . . . is always to be applied cautiously,' and 'it is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.' " *State v. Wilkinson*, 344 N.C. 198, 221, 474 S.E.2d 375, 387 (1996) (citations omitted).

"N.C.G.S. § 20-139.1(f) (1993) provides that evidence of a defendant's refusal to submit to a chemical analysis is admissible against him in a DWI prosecution." *State v. O'Rourke*, 114 N.C. App. 435, 438, 442 S.E.2d 137, 138 (1994). Defendant argues that because "willful refusal" is required before a driver's license is revoked under N.C. Gen. Stat. section 20-16.2, the requirement of a "willful" refusal should be read into G.S. 20-139.1.

However, G.S. 20-139.1(f) does not require a willful refusal before evidence of a refusal is admissible and we will not read in this additional requirement. The controlling factor in all statutory construction is the intent of the legislature. *In re Estate of Bryant*, 116 N.C. App. 329, 334, 447 S.E.2d 468, 470 (1994). " 'Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong, N.C. Index 2d, Statutes § 5 (1968)).

Applying these tenets of statutory construction to the present case, we determine that the language in G.S. 20-139.1(f) is clear and unambiguous and not subject to judicial interpretation. Additionally, elsewhere in G.S. 20-139.1, the General Assembly used the term "willful refusal." *See* G.S. § 20-139.1(b3) (1993). Obviously, if it had intended to require a "willful" refusal in G.S. 20-139.1(f), it would have done so. We therefore conclude that there was no error, much less plain error, in the trial court's instructions. Defendant's assignment of error is overruled.

[3] Finally, defendant contends that his motion to dismiss should have been granted to prevent a violation of the prohibition against double jeopardy. He argues that the charge against him should have been dismissed since he had previously been punished by having his license revoked and paying a $50 fee. This issue has been decided otherwise by the Supreme Court in *State v. Oliver*, 343 N.C. 202, 210, 470 S.E.2d 16, 21 (1996), and we are bound thereby.

No error.

Judges WALKER and SMITH concur.