STATE OF NORTH CAROLINA
v.
RYAN FAULISE
No. COA08-1124
Court of Appeals of North Carolina.
Filed May 5, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Richard W. Congleton, for the State.
Kimberly P. Hoppin, for Defendant.
ERVIN, Judge.
Defendant, Ryan Faulise, appeals his conviction for driving while impaired, contending that the trial court erred by allowing the jury to view an exhibit in the jury room during its deliberations over his objection. Defendant also contends that the trial court erred by failing to grant his motion for mistrial based on the State's improper questioning of a witness and by denying his motion to dismiss for insufficiency of the evidence. We find no prejudicial error.

Background
On 30 January 2007, Officers Botzenmayer and Newman responded to a call, with Officer Newman leading in one car and Officer Botzenmayer following Officer Newman in another. Although OfficerNewman observed that there was a vehicle in front of him, nothing about the manner in which this vehicle was operated attracted his attention or suggested the existence of a problem. As both patrol cars rounded the curve on the highway on-ramp, the officers saw the vehicle that had been traveling in front of Officer Newman on its side, with dust and debris everywhere. Officer Botzenmayer reached the over-turned vehicle first and saw Defendant "walking up from behind his vehicle."
Defendant told Officer Botzenmayer that there were no passengers in the vehicle, and a subsequent search of the area by fire department personnel appeared to confirm that statement. According to Officer Newman, Defendant claimed that "somebody ran him off the road and he wrecked." Officer Newman testified that there were "no other vehicles there at the time" and that he had not seen anyone tailgating or following Defendant. Officer Newman asked Defendant if he had been drinking and reported that Defendant answered in the affirmative while claiming that "he wasn't drunk."
Officer Botzenmayer stated that Defendant "was bleeding from different parts" and "staggering a little bit." He also noted that Defendant had red glassy eyes and that a strong odor of alcohol emanated from Defendant's person. Officer Newman testified that Defendant was "kind of staggering around trying to keep his balance" and that he "had a real strong odor of alcoholic beverages upon his person." Officer Newman further observed that Defendant had red glassy eyes, was pale and flushed, had slurred speech, and "mush mouth" and was bleeding from his right ear. Both officerstestified that Defendant urinated on himself while speaking with them.
Although Officer Botzenmayer admitted that he was not a physician, he testified that he was familiar with the signs of head injury and knew that these signs could include confusion, vision problems, problems with speaking, and trouble walking and thinking clearly. Officer Newman also testified that factors other than impairment resulting from the consumption of alcohol could cause someone to become unsteady on their feet. After treating Defendant at the scene of the accident, the medics took him to the hospital.
Officer Newman went to the hospital ten to fifteen minutes after Defendant left the accident scene. Officer Newman found Defendant's hospital room and proceeded to read Defendant his "rights with respect to taking a chemical analysis of his blood." Although Defendant signed Department of Health and Human Services Form 4003 indicating that he understood his rights regarding such a test, Officer Newman testified that Defendant "did not agree to submit to a blood test," so that Defendant was marked up as a refusal. Although Officer Newman acknowledged that he had the ability to obtain a blood sample from Defendant involuntarily, he never compelled Defendant to submit to a blood test. Defendant was released from the hospital into Officer Newman's custody and placed under arrest.
On 1 April 2008, Defendant was tried before Judge Linwood O. Foust and a jury. At that trial, Defendant was convicted of driving while impaired. On 3 April 2008, Defendant was sentenced to a term of five days in the Mecklenburg County Jail, with this sentence being suspended and Defendant placed on probation for a period of 18 months on the condition that he pay $1,875 in attorney fees, pay a $100 fine and the costs of court, complete 24 hours of community service within 30 days, and obtain an alcohol assessment. After the completion of these conditions of probation, the trial court ordered that Defendant be transferred to unsupervised probation. Defendant noted an appeal to this Court following the imposition of judgment.

Standard of Review
A claim based on an alleged violation of N.C. Gen. Stat. § 15A-1233 is subject to de novo review. State v. Ashe, 314 N.C. 28, 331 S.E.2d 652 (1985). The standard of review applied in situations in which a trial court is alleged to have erroneously denied a motion for a mistrial is whether the trial court's ruling constituted an abuse of discretion. State v. Ward, 338 N.C. 64, 121, 449 S.E.2d 709, 741 (1994), cert. den., 514 U.S. 1134, 115 S. Ct. 2014 (1995). When considering a motion to dismiss for evidentiary insufficiency, the question presented is whether, taking the evidence in the light most favorable to the State, "there is substantial evidence to support a finding both that an offense charged in the [criminal pleading] has been committed and that the defendant committed it." State v. Roseman, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971).

Analysis

Jury Review of Exhibit in Jury Room
Defendant contends that the trial court erred by allowing the jury to review an exhibit in the jury room during its deliberations over his objection. "Upon request by the jury and with consent of all parties, the judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence." N.C. Gen. Stat. § 15A-1233(b) (2007). The trial court clearly erred by allowing the jury to take the exhibit in question into the jury room given Defendant's objection and the statutory mandate that the parties be in agreement before such a step is taken. Consequently, the essential issue before this Court on appeal is whether "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a); see State v. Taylor, 56 N.C. App. 113, 115, 287 S.E.2d 129, 131 (1982).
The exhibit that the jury was allowed to review in the jury room was Department of Health and Human Services ("DHHS") Form 4003, which was introduced into evidence as State's Exhibit No. 2. State's Exhibit No. 2 contained Defendant's signature confirming his refusal to submit to a blood test and an enumeration of his rights relating to the taking of a sample of his blood. Evidence of Defendant's refusal to submit to a blood alcohol test is admissible as substantive evidence of guilt. See N.C. Gen. Stat. § 20-139.1(f) (2008); State v. Pyatt, 125 N.C. App. 147, 150-151, 479 S.E.2d 218, 220 (1997). Defendant argues that this exhibit had heightened significance compared to all of the other evidence introduced at trial given that (1) "there were no observations of bad driving, no . . . field sobriety tests, obvious signs of head injury, and no blood or breath tests showing alcohol concentration" and that (2) the only other evidence of impairment came from observations made by the officers while interacting with Defendant prior to the arrival of medics.
In State v. Rich, 351 N.C. 386, 398, 527 S.E.2d 299, 306 (2000), the Supreme Court noted that an odor of alcohol, standing alone, does not suffice to support a conviction for driving while impaired. See also Atkins v. Moye, 277 N.C. 179, 185, 176 S.E.2d 789, 794 (1970). However, there is sufficient evidence to support an impaired driving conviction when evidence of the driver's alcohol consumption is combined with evidence of faulty driving or other conduct indicating an impairment of physical or mental faculties. Atkins, 277 N.C. at 185, 176 S.E.2d at 794 (emphasis added). The results of a blood alcohol test, although potentially compelling, do not represent the sole means of establishing impairment. State v. Harrington, 78 N.C.App. 39, 46, 336 S.E.2d 852, 856 (1985) ("the statutory BAC is not a sine qua non of DWI") (citing State v. Sigmon, 74 N.C.App. 479, 328 S.E.2d 843 (1985) (noting that a BAC of less than the statutory limit does not create a presumption that defendant is not impaired)). An officer's opinion, based on observation, that a defendant is impaired constitutes substantial evidence of a defendant's guilt. Sigmon, 74 N.C.App. at 482, 328 S.E.2d at 846 (1985) (emphasis added). The officers that investigated the accident in which Defendant was involved observed a strong smell of alcohol about Defendant's person, his unsteadiness, the slurring of his speech, the red and glassy condition of his eyes, and the fact that he urinated on himself. Defendant admitted to the investigating officers that he had been drinking. The investigating officers determined that Defendant's claim that someone had been following him and caused him to have the accident was not true. The investigating officers testified that the weather was clear and that the road at the point where defendant wrecked was in good condition. Richardson v. Hiatt, 95 N.C. App. 196, 381 S.E.2d 866, mod. on reh., 95 N.C. App. 780, 384 S.E.2d 62 (1989) (reasonable grounds for arrest existed where defendant was involved in a one-vehicle accident during which his car went off the road into a ditch). When considered in its entirety, there was compelling evidence of the Defendant's guilt in addition to that arising from his refusal to submit to a chemical analysis of his blood, a fact which demonstrates that Defendant was not prejudiced by the trial court's error.
This Court addressed an issue similar to that raised by Defendant in this case in State v. Bingham, 165 N.C. App. 355, 365-66, 598 S.E.2d 686, 692-93 (2004), dis. rev. den. 359 N.C. 191, 607 S.E.2d 648 (2004). In Bingham, two written statements tending to show that the defendant committed the offense with which he had been charged were allowed in the jury room without the defendant's consent. In view of the fact that the trial court's error did not create a situation in which the jury obtained information that hadnot already been presented at trial, this Court concluded that there was no reasonable possibility that a different result would have been reached even if the jury had not been allowed to review the statements in question during its deliberations. Id. Similarly, the jury in this case heard evidence of Defendant's refusal to submit to a blood alcohol test before being allowed to take State's Exhibit No. 2 into the jury room. Thus, prior decisions from this Court provide additional support for a conclusion that the trial court's error did not adversely affect Defendant's chance of obtaining a more favorable outcome at trial.
As a result, for all of these reasons, we conclude that there is no reasonable possibility that the outcome at trial would have been different had the trial court refrained from allowing the jury to review State's Exhibit No. 2 in the jury room. N.C. Gen. Stat. § 15A-1443(a). Thus, this assignment of error is overruled.

Denial of Mistrial Motion
At trial, Defendant called his father, Joseph Faulise, as a witness. Joseph Faulise testified that, during the months preceding the accident that led to his son's arrest, he had driven Defendant's vehicle and noticed that it pulled to the left. At the time that he picked Defendant up from the Mecklenburg County Jail on the morning after his arrest, Joseph Faulise noticed that Defendant had a bandage on his head and that his arm was in a sling. During the State's cross-examination of Joseph Faulise, the following exchange occurred:
Q. You said you didn't know what to do when you got the phone call about your sonbeing arrested. That's not entirely true, is it?
MR. TATE (Trial Counsel): Objection, Your Honor.
A: Yes, it is.
THE COURT: Overruled.
Q: Has he ever been arrested before?
A: Has he ever been arrested before?
Q: Uh-huh (affirmative).
A: Not that I know of.
Q: Are you sure about that?
MR. TATE: Objection to relevance, Your Honor.
THE COURT: Overruled.
Q: He wasn't arrested on October 21st of 2006?
MR. LOVEN (Trial Counsel): Objection
THE COURT: Sustained.
After the State concluded its cross-examination of Joseph Faulise, Defendant rested. In the absence of the jury, Defendant moved for a mistrial based on the State's cross-examination of Joseph Faulise about Defendant's prior arrest. After a colloquy between counsel for the parties, the trial court stated to the prosecutor that "the Court believes that you understand the rules;" "that you knew that [it] was improper for you to ask about an arrest, even . . . on cross-examination;" and that, "even though the Court believes that your intention was to prejudice the jury by asking that question, the Court is not going to dismiss the charges in this matter." Although the trial judge declined to give a curative instruction, he did deprive the State of the final argument to the jury. After the jury convicted Defendant of driving while impaired, Defendant unsuccessfully renewed his mistrial motion.
"Evidence of other crimes, wrongs, or acts is not admissible to provide the character of a person in order to show that he acted in conformity therewith," but such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b). The Supreme Court has described N.C. Gen. Stat. § 8C-1, Rule 404(b) as stating "a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit [the] offense . . . charged." State v. Coffey, 326 N.C. 268, 278-279, 389 S.E.2d 48, 54 (1990). As a result, in order to elicit admissible evidence, the prosecutor's questions concerning Defendant's prior arrest would have had to have established some fact relevant to the issue of Defendant's guilt other than his propensity to engage in criminal activity. Although the prosecutor evidently believed that the evidence of Defendant's prior arrest was relevant to impeach Joseph Faulise's testimony that he did not know what to do when he got a phone call that Defendant had been arrested, the fact that Defendant had been previously arrested did not, standing alone, have any impeaching value. As a result, the trial court, after initially ruling the other way, properly sustained Defendant's objection to the prosecutor's attempt to inquire into Joseph Faulise's knowledge of Defendant's prior arrest.
The decision as to whether to declare a mistrial is committed to the sound discretion of the trial court, and the trial court's ruling will not be disturbed on appeal unless it is so clearly erroneous as to amount to a manifest abuse of discretion. State v. Ward, 338 N.C. 64, 92-93, 449 S.E.2d 709, 724 (1994), cert. den., 514 U.S. 1134, 115 S. Ct. 2014, 131 L. Ed. 2d 1013 (1995). N.C. Gen. Stat. § 15A-1061 specifically states:
Upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case.
Thus, the issue that the trial court must resolve in addressing a motion for a mistrial is whether the event that prompted the request for such a ruling caused "substantial and irreparable prejudice to the defendant's case." Id.
A trial court's decision to sustain an objection and deliver a curative instruction "cure[s] any prejudice due to a jury's exposure to incompetent evidence from a witness." State v. Locke, 333 N.C. 118, 124, 423 S.E.2d 467, 470 (1992)). The same general rule applies in situations involving a prejudicial prosecutorial question. Id. The Court addressed a similar issue in State v. Rowsey, 343 N.C. 603, 628, 472 S.E.2d 903, 916 (1996), cert. denied, 519 U.S. 1151, 117 S. Ct. 1087 (1997). In response to a question posed during cross-examination, the defendant's brother stated that the defendant "had a big heart." Rowsey, 343 N.C. at 628, 472 S.E.2d at 916. The prosecutor responded, "I'm sure [the victim's] mother appreciates that." Id. The defendant promptly objected to the prosecutor's comment and the trial court sustained the defendant's objection. No curative instruction was requested. "Under these circumstances, defendant has failed to show any prejudice." Id.
The same result is appropriate here. The trial court sustained Defendant's objection. Defendant specifically declined to request a curative instruction, stating that "[I] don't think we'll be asking for a curative instruction. I think that would merely call even more attention to what has happened." Although the trial court did not grant Defendant's request for a mistrial, it did deprive the State of the final argument as a further remedy for the prosecutor's question. Finally, as we have noted in addressing Defendant's challenge to the trial court's decision to allow the jury to review State's Exhibit No. 2 in the jury room without Defendant's consent, the evidence against Defendant was compelling. Thus, this assignment of error is overruled.

Sufficiency of the Evidence
Finally, Defendant argues that the trial court erroneously denied his motion to dismiss because the evidence was insufficient to convict Defendant of impaired driving. When considering amotion to dismiss, "[t]he question presented is whether upon consideration of all the evidence, whether competent or incompetent, in the light most favorable to the State, there is substantial evidence that the crime charged in the [criminal pleading] was committed and that defendant was a perpetrator of that crime." State v. Perry, 316 N.C. 87, 95, 340 S.E.2d 450, 456 (1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. State v. Greer, 308 N.C. 515, 519, 302 S.E.2d 774, 777 (1983), (quoting State v. Smith, 300 N.C. 71, 265 S.E.2d 164 (1980)). The trial court's function in ruling on a dismissal motion directed to the sufficiency of the evidence is to determine whether the evidence allows a "reasonable inference" to be drawn as to the defendant's guilt of the crimes charged. State v. Thomas, 296 N.C. 236, 244, 250 S.E.2d 204, 209 (1978) (emphasis added). The trial court's exclusive focus should be on whether the evidence is sufficient to allow the case to go to the jury; the trial court should not be concerned with the weight of the evidence. State v. McNeil, 280 N.C. 159, 162, 185 S.E.2d 156, 157 (1971).
"A person commits the offense of impaired driving [when] driv[ing] any vehicle upon any highway, any street or any public vehicular area within this state while under the influence of an impairing substance. . . ." N.C. Gen. Stat. § 20-138.1(a)(2008). A person is under the influence of an impairing substance if his physical or mental faculties, or both, are appreciably impaired by an impairing substance. N.C. Gen. Stat. § 20-4.01(48b). Defendant argues that the State failed to submit sufficient evidence of impairment. It is not necessary to be drunk to violate prohibition against operating a motor vehicle while under the influence of some intoxicant, but a person need only be under the influence. State v. Felts, 5 N.C. App. 499, 500, 168 S.E.2d 483 (1969). Officer Newman testified that Defendant admitted that he had been drinking and that he was alone in the car. The officers also affirmed that Defendant had a strong odor of alcoholic beverage upon his person, that his eyes were red and glassy and his speech slurred. Additionally, both attest to Defendant's urinating himself. The officers were of the opinion that Defendant was under the influence. See Sigmon, 74 N.C.App. at 482, 328 S.E.2d at 846 (1985). It is the jury that determines how much weight should be afforded such opinion evidence. State v. Davis, 321 N.C. 52, 57-58, 361 S.E.2d 724, 727 (1987). These factors in addition to Defendant's refusal to submit to the blood alcohol test, which can be considered an admission of guilt, N.C. Gen. Stat. § 20-139.1(f) (2007); Pyatt, 125 N.C.App. at 150, 479 S.E.2d at 220, are sufficient to create a reasonable inference of guilt. The trial court's decision is thus affirmed.
No Prejudicial Error.
Chief Judge MARTIN and Judge WYNN concur.
Report per Rule 30(e).